FREDERIC C. BELLINGER, JR., an Infant, by LUCILLE L. WALLACE, his General Guardian, Plaintiff, *v.* EDMUND B. BELLINGER et al., Defendants.

Supreme Court, Special Term, New York County, November 3, 1943.

*John P. Carson* for plaintiff.

*Edmund B. Bellinger,* defendant, in person.

*Walter R. Barry* for Frederic R. Coudert, Jr., defendant.

WALTER, J. Plaintiff's father and mother were divorced in 1935, when he was seven years of age. His father died in 1941, leaving a will, executed in 1939, which placed the residuary estate in trust for plaintiff's benefit and named the father's brother as trustee, with an alternative appointment of a friend if the brother failed to qualify. Nothing has become, or apparently ever will become, available for plaintiff under that trust. Shortly after the divorce was granted, the father caused seven policies of insurance upon his life to be indorsed with pro-

visions making plaintiff the beneficiary thereof and specifying how the sums payable thereunder upon the father's death should be paid. In general, the provisions are to the effect that the insurance companies shall retain said sums for specified periods and, during plaintiff's minority, pay certain interest thereon. In one policy the provision is that such interest shall be paid to two named persons " as trustees ". In five policies the provision is that such interest shall be paid to those two persons " as trustees for said son " or " as trustees of said son ". In another policy the provision is that such interest shall be paid to those two persons " as trustees for (plaintiff) to be used in such manner as said trustees may in their absolute discretion deem necessary for the support and education of said (plaintiff), or, if both of said trustees be deceased, or shall fail to act as such trustees, to the legally appointed guardian of said (plaintiff) ".

In each instance the persons so named in the policies as trustees are the brother and the friend who are named as trustees in the father's will. The friend notified the insurance companies that he declined to act, and he has received nothing from any of the companies. The brother has undertaken to act and has received from each of the companies certain moneys which he is still holding. No part thereof has been in any way used for plaintiff's benefit.

The father's will names two persons as guardians of the person and property of plaintiff, but the same Surrogate's Court which admitted the will to probate subsequently appointed plaintiff's mother as such guardian, and she is now acting as such.

Plaintiff is now fifteen years of age, and by his mother as guardian he brings this action to compel defendants — the brother and friend of the father who are named in the policies as trustees — to pay over all sums thus far collected from the insurance companies and all which shall be received from them until plaintiff becomes of age, or, in the alternative, to compel defendants to pay over such part thereof as the court shall deem suitable for plaintiff's support and education.

As to the friend who declined to act and has not and will not receive any money from the insurance companies, plaintiff very correctly acquiesces in the view that no relief is necessary or obtainable, and the motion to dismiss the complaint as to him should be and is granted.

The other defendant urges that the indorsements upon the policies established a trust, the terms and provisions of which

are those set forth in the residuary clause of the father's will. That is patently untenable. The terms of a contract, like a policy of insurance, cannot be varied by a will; the will cannot dispose of life insurance proceeds which never were a part of the testator's estate; and the policies cannot be incorporated into the will because not referred to therein and not executed in testamentary form. But assuming *arguendo* that an insurance contract can be so framed as to provide that the proceeds thereof shall be disposed of in such manner as the insured shall direct in his last will, clear language would be required to produce that result, and no language indicative of such intent is to be found in this case. The mere fact that the insured here left a subsequently executed will which created a trust for the benefit of the beneficiary of the policies, and therein named as trustee of such trust one of the persons named in the policies as trustees, hardly arises to the dignity of evidence of such intent. Even less persuasive is the fact, alleged by defendant but not proved, that when the indorsements were made upon these policies there was in existence " a document purporting to be his (insured's) last will and testament " which likewise named said persons as trustees.

The substantial question which thus emerges is whether or not the indorsements upon the policies created a valid trust, and, if so, the meaning and terms thereof.

That plaintiff's father, the insured, intended to create a trust is perhaps sufficiently evidenced by the fact that he used the words " as trustees ", but a trust which places no duties upon the trustee is dry and passive, and the title and right of possession pass immediately by operation of law to the intended beneficiary. The law upon that point is clear and well settled. In respect of all the policies except one, therefore, the sole and immediate duty of the so-called trustee is to pay over to plaintiff's guardian all such sums as he receives.

The one policy which specifies that the moneys received by the trustees are to be used " in such manner as said trustees may in their absolute discretion deem necessary for the support and education " of plaintiff creates a valid, active and express trust. It also vests the trustees with discretion, and the extent and nature of that discretion loom up as an important feature of this lawsuit, for the acting trustee asserts that it gives to him the right to withhold the fund unless and until plaintiff's guardian complies with conditions which he lays down.

Assuming that the conditions which the trustee lays down are laid down in good faith for the purpose of obtaining for

plaintiff the kind of education which the trustee thinks the plaintiff should have, the fact remains that a discretion as to the manner in which funds are to be used for the support and education of a minor certainly is not necessarily to be construed as conferring the right to determine the kind of education which is to be given, and the impasse to which that construction has led in this case seems a compelling reason against adopting it. For the situation here is that a boy under the legal guardianship of his mother is being hindered in getting any education at all, even though his deceased father has provided funds for that purpose, because such mother-guardian and the brother of his deceased father cannot agree upon the kind of education he should have.

Sympathetic consideration must indeed be given to the evident desire of this trustee-uncle to guide this boy in the way he evidently feels the deceased father would wish, but he must remember that divorce does not obliterate the fact that the parties were married and that she who was once wife is still mother, and, also, that to her natural status as mother there is now added a legal status as guardian. I cannot construe this trust as having placed in his hands the determination of matters so traditionally the prerogatives of mothers and guardians.

I do not understand that there is any serious contention that the entire sum thus far received upon all the policies is in excess of what is now reasonably required for plaintiff's support and education.

It follows that such entire sum should be paid over to plaintiff's guardian and that the other adjudications requested are adjudged in accordance with this opinion.

The fact that the complaint does not state in words that the father's brother is sued as trustee is of no consequence. The facts alleged in the complaint are what control.

Settle one judgment disposing of all motions accordingly.