In the Matter of LITTNER SODERSTROM, Petitioner, against NEW YORK STATE LIQUOR AUTHORITY, Respondent — Determination annulled, with $50 costs and disbursements. Memorandum: The authority failed to establish by substantial evidence that on or about September 12, 1951, petitioner sold alcoholic beverages to a minor under the age of eighteen years, in violation of subdivision 1 of section 65 of the Alcoholic Beverage Control Law. All concur. (Review of a determination of the State Liquor Authority canceling petitioner's restaurant liquor license.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

## FIRST DEPARTMENT, OCTOBER, 1953.

## (October 6, 1953.)

In the Matter of the Voluntary Dissolution of RADOM & NEIDORFF, INC. DAVID RADOM, Respondent; ANNA NEIDORFF, Appellant.— Order unanimously reversed, with $20 costs and disbursements to the appellant, and the petition dismissed. The petition and affidavits offered in support thereof do not make it clear that the stockholders are hopelessly deadlocked. Certainly the corporation's activities have not been paralyzed thereby. In the three years since the alleged futile attempt to elect directors it has made net profits larger than in the earlier past. On argument it was conceded that its net assets had tripled in the same period. The failure of petitioner [respondent] to receive his salary involves no frustration of any important corporate activity, and with respect to such salary petitioner has remedies other than dissolution of the corporation. The stay was improper on any theory that has been suggested. The dismissal of the petition is without prejudice, however, to the bringing of another proceeding should deadlock in fact arise in the selection of a board of directors, at a meeting of stockholders to be duly called or if other deadlock should occur threatening impairment or in fact impairing the economic operations of the corporation. Present — Peck, P. J., Glennon, Cohn, Breitel and Botein, JJ. [See *post*, p. 873.]

In the Matter of the BANK OF NEW YORK, as Trustee under an Agreement Made by EDWIN L. COYLE and Another, as Settlors. PETER B. NELSON et al., Plaintiffs, v. BANK OF NEW YORK, as Trustee, et al., Defendants. EDWIN L. COYLE et al., Appellants; WILLIAM MERTENS, JR., as Guardian ad Litem for HARRY B. COYLE, JR., and Others, Infants, et al., Respondents.— Order and judgment unanimously modified so as to fix compensation to be allowed to the guardian ad litem in the sum of $3,600 and, as so modified, affirmed. The fee fixed by Special Term, in view of all the circumstances, we regard as excessive. Present — Peck, P. J., Glennon, Cohn, Breitel and Botein, JJ.