■ LYNN R. FRANZ, Appellant, v THOMAS L. FRANZ, Respondent. — Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: In her appeal from a judgment of divorce plaintiff maintains, *inter alia,* that the court erred in rejecting her contention that the separation agreement should be set aside in

its entirety due to coercion on the part of defendant. We disagree. The record shows that plaintiff, who was represented by counsel, ratified the agreement by signing an amendment to it. Nor do we agree with plaintiff's argument that the separation agreement was not intended fully and finally to settle the distribution of all property interests of the parties pursuant to section 236 (part B, subd 3) of the Domestic Relations Law. The separation agreement makes detailed provisions for distribution of the parties' real and personal property and provides that it contains the entire understanding of the parties and that the parties release each other from any other claims except those expressly provided for in the agreement. Because no mention was made of defendant's nonvested pension, we must conclude that the parties intended that title to the pension remains with defendant (see *Gedraitis v Gedraitis,* 109 Misc 2d 420; see, also, *Boss v Boss,* 107 Misc 2d 984). It is thus unnecessary to reach the question of whether a nonvested pension can constitute marital property under the Domestic Relations Law.

We agree with the court that the maintenance and child support provisions of the agreement were inadequate and should have been set aside, but we disagree with the court's modification of those provisions. The court awarded plaintiff maintenance of $200 per month for a period of two years. This award ends on July 27, 1985. The court further required defendant to pay $720 per month for child support. The record shows that plaintiff's expenses were $364.36 per month, excluding rental and utility payments. The children's expenses were $550 per month. At the time of the trial plaintiff was earning $207.76 per month. Thus, the court's modification left plaintiff and the parties' three children with approximately $200 per month with which to pay for rent and utilities. The record shows that after payment of the maintenance and child support as awarded by the lower court, defendant was left with over $300 net per month.

This court's discretion to make findings of fact from the record is as broad as that of the trial court (*Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492). We find that, in light of the financial resources of both parties, the lower court's child support award was inadequate and should be increased to $1,020 per month, but that the maintenance award should be discontinued. In addition, plaintiff is entitled to the sum of $4,680.59 which represents one half of the parties' 1981 State income tax refund and reimbursement for sums spent by plaintiff for family support which defendant was obligated to pay under the separation agreement and the judgment should so

provide. (Appeal from judgment of Supreme Court, Onondaga County, Grow, J. — divorce.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and O'Donnell, JJ.