■ ROBERT J. RAMSPERGER, SR., Appellant, v MARY A. RAMSPERGER, Respondent.—Order, insofar as appealed from, unan-

imously reversed, on the law, without costs, and plaintiff's motion for summary judgment granted. Memorandum: In our view, Special Term erred in denying plaintiff's motion for summary judgment dismissing defendant's claim for equitable distribution of his pension rights. A separation agreement dated September 26, 1980 provides that the parties release each other from any claims for division of both real and personal property under the Equitable Distribution Law (L 1980, ch 281, § 9), other than as "set forth" therein, and expressly states their intention that "there shall be as between them only such rights and obligations as are specifically provided for in this Agreement". Defendant contends only that her rights in the pension were not extinguished by the general release in the agreement and makes no claim that the terms of the agreement were unfair and unreasonable at the time the agreement was made or that the agreement is unconscionable (see, Domestic Relations Law § 236 [B] [3]). The separation agreement is binding on the parties; it provided for the disposition of their property and was intended as a complete and comprehensive settlement of their property rights. Plaintiff should retain title to his pension, which was neither mentioned in nor distributed pursuant to the instrument (see, Franz v Franz, 107 AD2d 1060). (Appeal from order of Supreme Court, Monroe County, Contiguglia, J.—partial summary judgment.) Present—Dillon, P. J., Callahan, Boomer, Green and Schnepp, JJ.