OPINION OF THE COURT
Memorandum.
The order should be reversed, with costs, and the judgment of Supreme Court reinstated.
After a trial without a jury, Supreme Court awarded judgment in favor of the estate of James A. Curley against defendant, decedent’s former wife, for sums paid to her as beneficiary under his retirement program and two life insurance policies. The Appellate Division, by a divided court, reversed on the law and the facts and dismissed the complaint. Plaintiff, decedent’s administrator, appeals.
Decedent and defendant were divorced on June 7, 1983. Approximately six weeks later, on July 23, 1983, he took his own life. A few weeks prior to the divorce, on April 27, 1983, defendant wrote a letter to her attorney in the divorce action confirming her agreement to the terms of the divorce settlement in which she, in return for receiving the house, the proceeds of a bank account and other assets, agreed that she would "not make any claim on [decedent’s] retirement which is approximately $8,190.00 a year, or any insurances, or request maintenance from him” (emphasis added). On the hearing of the default proceedings in the divorce action, defendant testified:
"Q Are you requesting that the Court determine that these items of property to which you just testified be your separate property?
"A Yes.
"Q And, that in return for these items of separate property, you are willing to waive your right to maintenance as presently ordered from the defendant?
"A Yes.
"Q As well as any right in his retirement program or life insurance?
"A Yes. ” (Emphasis added.)
In the instant trial, the attorney who had represented defendant in the divorce was called as a witness. He testified that defendant had "clearly intended” to waive any interest in *653 the decedent’s insurance and retirement benefits. In drafting the divorce decree for the court’s signature, the attorney included the stipulated provision in which defendant relinquished her interest in the decedent’s retirement program but omitted any reference to the life insurance policies. He testified, however, that this omission was due to oversight or inadvertence and the trial court so found. That court also found: "It is clear from the total context of [defendant’s] testimony at the divorce trial that she intended at that point in time to waive her right to James Curley’s retirement and insurance benefits, in exchange for sole ownership of most of the major marital assets. When she accepted the benefits of that proposed bargain, (i.e., ownership of the house, furniture, stocks, bonds, bank account and car) she also waived her right to maintenance, counsel fees, retirement benefits and insurance proceeds.”
Defendant attempted to establish at trial that because decedent had not changed the designated beneficiary on the policies or for his retirement program, he "must have intended to leave [defendant] as beneficiary, in spite of her waiver of that right.” The record contains extensive evidence concerning decedent’s deplorable mental and physical state during the period between the divorce and his death, his alcoholism, his involuntary commitment to a detoxification unit in June 1983, and the serious injuries he received in a fall from a cliff shortly before his suicide. In the light of this proof, the trial court found that decedent’s failure to make the beneficiary changes prior to his death "hardly evidences a conscious decision” that his former wife should be the beneficiary despite her express waiver of her rights. The court specifically rejected defendant’s request that it find to the contrary.
The foregoing findings of Supreme Court are amply supported by the record and more nearly comport with the weight of the evidence than the contrary findings of the Appellate Division.
We do not accept the position of the majority at the Appellate Division that defendant relinquished nothing more in the divorce settlement than her right to seek a court order requiring decedent to name her as irrevocable beneficiary of the insurance policies pursuant to Domestic Relations Law § 236 (B) (8) (a). Defendant’s agreement clearly went beyond that and, as found by the trial court, included whatever inchoate and contingent rights she then had to make a claim for sums *654 that might become payable in the future under the retirement program and insurance policies (see, Mohawk Airlines v Peach, 61 AD2d 346, 349, lv denied 44 NY2d 838; O’Brien v Elder, 250 F2d 275, 278).
When the divorce was entered and defendant obtained a decree awarding her sole possession of the house, the bank account, the stocks and bonds and other assets, she received the consideration bargained for, and she became bound to fulfill her promise not to make claim for retirement program death benefits or life insurance proceeds (see, Hedeman v Fairbanks, Morse & Co., 286 NY 240, 251; Rubin v Dairymen’s League Co-op. Assn., 284 NY 32, 37; Hamer v Sidway, 124 NY 538; Restatement [Second] of Contracts §§ 71, 72; Restatement of Contracts § 76; 21 NY Jur 2d, Contracts, § 12). As specifically concluded by the trial court, the evidence does not support defendant’s contention that decedent, during his life, released her from her promise.* Accordingly, it was proper to award a judgment in favor of the estate for the sums paid to defendant under the retirement program and the insurance policies.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
Order reversed, etc.

 The parties have never questioned whether defendant’s promise and the subsequent decree constituted a valid "opting out agreement” under Domestic Relations Law § 236(B)(3). We have therefore, not considered that issue.