■ CHERYL HOCHBERG NAGINSKY, Respondent-Appellant, v STATE FARM LIFE AND ACCIDENT ASSURANCE COMPANY, Respondent. (Action No. 1.) STEVEN NAGINSKY, Appellant-Respondent, v CHERYL HOCHBERG NAGINSKY, Respondent-Appellant, et al., Respondents. (Action No. 2.) [647 NYS2d 862] —In two related ac-

tions to recover the proceeds of an insurance policy, Steven Naginsky, the plaintiff in Action No. 2, appeals from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated March 23, 1995, as denied his cross motion for summary judgment on the first cause of action in the complaint in Action No. 2, and to dismiss the counterclaims and affirmative defenses interposed by Cheryl Hochberg Naginsky in Action No. 2, and Cheryl Hochberg Naginsky, the plaintiff in Action No. 1 and a defendant in Action No. 2, cross-appeals from so much of the same order as denied her cross motion for summary judgment on the complaint in Action No. 1.

Ordered that the order is reversed insofar as appealed from by Steven Naginsky, his cross motion for summary judgment on the first cause of action in the complaint in Action No. 2 and to dismiss the counterclaims and affirmative defenses interposed by Cheryl Hochberg Naginsky in Action No. 2 is granted, and the matter is remitted to the Supreme Court, Nassau County for the entry of a judgment in accordance herewith; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from by Cheryl Hochberg Naginsky; and it is further,

Ordered that upon searching the record, State Farm Life and Accident Assurance Company is awarded summary judgment dismissing the complaint in Action No. 1; and it is further,

Ordered that one bill of costs is awarded to Steven Naginsky, payable by Cheryl Hochberg Naginsky.

State Farm Life and Accident Assurance Company issued a life insurance policy to Jeffrey A. Naginsky, who was then married to Cheryl Hochberg Naginsky, the plaintiff in Action No. 1 and a defendant in Action No. 2. The policy named "Cheryl Naginsky" as the primary beneficiary, and Steven Naginsky, the plaintiff in Action No. 2, as the successor beneficiary. Jeffrey A. Naginsky died on June 5, 1994. The issue on these appeals is whether Cheryl Hochberg Naginsky was entitled to collect the policy proceeds, notwithstanding that the separation agreement she executed in 1989 provided that each party "expressly renounces and refuses to accept any benefit or payment payable upon the death of the other party by reason of such parties' * * * life insurance."

Cheryl Hochberg Naginsky moved, and Steven Naginsky cross-moved, for summary judgment. The Supreme Court denied the motion and cross motion. We now reverse the order insofar as it denied Steven Naginsky's cross motion for summary judgment, and, upon searching the record, award State

Farm Life and Accident Assurance Company summary judgment dismissing the complaint in Action No. 1.

It is uncontroverted that Cheryl Hochberg Naginsky executed the separation agreement and that the separation agreement survived the judgment of divorce. When the judgment of divorce enforcing the terms of the separation agreement was entered and Cheryl Hochberg Naginsky thereby received the consideration bargained for, she became obligated to fulfill her promise not to make a claim for the subject life insurance proceeds (*see, Curley v Giltrop,* 68 NY2d 651). Cheryl Hochberg Naginsky has failed to establish the existence of a factual question as to her claim that Jeffrey A. Naginsky released her from this promise. Sullivan, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.