■ ARLENE R. MARCH, Respondent, v JOHN D. MARCH, Appellant. [650 NYS2d 750] —In a matrimonial action in which the parties were divorced by a judgment entered May 16, 1994, the defendant former husband appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered September 26, 1995, which granted the application of the plaintiff former wife for a qualified domestic relations order with respect to his interest in the Retirement Plan of Citibank, N.A.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's application is denied.

The record reveals that shortly before their divorce, the parties entered into a comprehensive settlement agreement which

resolved the distribution of their marital property. Under the terms of the agreement, the parties agreed that the plaintiff would be entitled to a one-half share of the defendant's interest in the Household Retirement Income Plan and the Citibank Savings Incentive Plan, and that the plaintiff would be responsible for obtaining qualified domestic relations orders to implement these provisions of the agreement. However, the agreement made no provision for division of the defendant's interest in the Retirement Plan of Citibank, N.A., and the plaintiff expressly acknowledged that "other than as set forth in this agreement * * * she has no right, title or interest in any of the * * * pension plans, retirement plans, profit-sharing plans, annuities or IRAs now in the name of the Husband".

The parties' settlement agreement, which was incorporated into but not merged with their divorce decree, remains an independent contract binding on the parties unless impeached or challenged for some cause recognized by law (*see, Merl v Merl,* 67 NY2d 359, 362). Accordingly, since the agreement made no provision for the distribution of the Citibank retirement plan, and the plaintiff waived her right to an interest in plans other than those specified in the agreement, the court erred in granting her a one-half interest in the Citibank retirement plan pursuant to a qualified domestic relations order (*see, Ramsperger v Ramsperger,* 120 AD2d 940).

Furthermore, we find no merit to the plaintiff's claim that the terms of the agreement should not be enforced because the defendant failed to disclose the existence of the Citibank retirement plan. Significantly, the plaintiff, who was represented by independent counsel at the time of the agreement, acknowledged that she had had a full and complete opportunity to make inquiry into the defendant's financial circumstances, and that "a claim based upon incomplete or improper financial disclosure may not be a basis for invalidating or changing any of the terms of this agreement". Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.