**PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, a Tennessee Company, Plaintiff,**

v.

**Carl B. LITTLE and Pamela J. Jacobs as Guardian of Carl B. Little, III, Defendants.**

**No. Civ.A. 2:99–0549.**

United States District Court,
S.D. West Virginia.

March 17, 2000.

■■■■■■■■■■■■■■■■■

Spencer D. Noe, Bowles, Rice, McDavid, Graff & Love, Charleston, WV, for plaintiff.

Elliot G. Hicks, Allen, Guthrie & McHugh, Charleston, WV, for Carl B. Little.

Webster J. Arceneaux, III, Heather A. Connolly, and Carrie Marquis Lewis, Friedberg, Glasser, Casey & Rollins, Charleston, WV, for Pamela J. Jacobs.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are Defendants' cross-motions for summary judgment. For reasons that follow, Defendant Jacobs's motion is **GRANTED** and Defendant Little's motion is **DENIED**.

### I. BACKGROUND

This is an interpleader action filed by Provident Life and Accident Insurance Company ("Provident"). Carl B. Little ("Little") and Pamela J. Jacobs, as guardian of Carl B. Little III, (otherwise known as and hereinafter referred to as "Trey") are Defendants. Little is the father of the deceased, Carl B. Little, II ("Little II"), and Jacobs was Little II's ex-wife. Trey is the son of Little II and Jacobs.

The parties have stipulated to the following facts. While employed by the State of West Virginia, Little II enrolled in basic life insurance and optional life insurance. The face amount of one policy was $10,000 payable on the natural death of the insured, but $20,000 double indemnity for the accidental death of the insured. The second policy provided for $100,000 payable on natural death and $200,000 if the insured suffered accidental death. Forms for both policies list the beneficiary as follows: "Carl B. Little ... Trust Fund for Carl B. Little, III." Little II's son, Trey, is

a minor. There is no evidence that any other instrument describing a trust for Trey was created.

On April 6, 1998 Little II died in a motorcycle accident. At his demise, Little II was unmarried and intestate. Jacobs was appointed administrator of his estate. Little and Jacobs both made claims to the life insurance proceeds: Little as trustee of a trust fund established on the insurance enrollment forms for Trey and Jacobs as Trey's guardian. Provident filed this interpleader action and deposited with the registry of the Court $233,151.56, representing the proceeds of the life insurance policies plus interest. Both Jacobs and Little moved for summary judgment.

### II. DISCUSSION

Defendant Little argues that Little II established a trust on the life insurance policies, and the proceeds should be paid to Little as trustee for the benefit of Trey. Defendant Jacobs argues that Little II's writings on the policies' enrollment forms lack the elements of a trust, and in the alternative, if a trust exists, it is nothing more than a "dry" or "passive" trust, which by operation of law executes and passes to a beneficiary whenever he is capable of taking.

■■■ Essential to the establishment of a trust are the following four elements: (1) a writing, formal or informal; (2) reasonable definiteness of the trust property; (3) reasonable definiteness of the beneficiaries; and (4) reasonable definiteness of the extent of the interests of the beneficiaries or the purpose of the trust. *See* William F. Fratcher, *Scott on Trusts* § 46 (4th ed.1987). Liberal construction is to be given in favor of a trust. *See Claymore v. Wallace*, 146 W.Va. 379, 390, 120 S.E.2d 241, 248 (1961). Little II's writing on the insurance policy enrollment forms encompasses the four elements of a trust, and it is clear from the words that he intended to create a trust for the benefit of Trey with his father as trustee.

First, the designation of Little as beneficiary and the writing, "Trust Fund for Carl B. Little, III," was an informal writing establishing a trust. Second, the property, the sum certain insurance proceeds, is reasonably definite. Third, the trust beneficiary, Trey, is reasonably definite. And fourth, Trey's interest is reasonably definite and the purpose of the trust is sufficiently definite.

■ Jacobs argues that the writing on the policy lacks certainty and therefore cannot be considered a valid trust. However, an informal writing need not spell out the duties of the trustee to constitute a valid trust:

> The extent of the interests of the beneficiaries or the purpose of the trust can be indicated in general terms. Indeed, if the property is transferred simply "in trust" for a named person, without specifying further the purposes of the trust, the writing is sufficient, since it indicates an intention to create a passive trust and impose on the trustee a duty to transfer the property to the beneficiary whenever he is in a position to receive it. . . .

Fratcher, *Scott on Trusts* § 46. The Court **FINDS** and **CONCLUDES** Little II's writing is sufficient to establish an "insurance trust," albeit a passive one. *See* Fratcher, *Scott on Trusts* § 57.3.

■ Jacobs also argues that *West Virginia Code* Section 44–5–11 controls this issue. That section states as follow:

> A policy of life insurance may designate as beneficiary a trustee or trustees named or to be named by will, if the designation is made in accordance with the provisions of the policy and the requirements of the insurer. The proceeds of such insurance shall be paid to the trustee or trustees to be held and disposed of under the terms of the will as they exist at the death of the testator; but if no trustee or trustees make claim to the proceeds from the insurance company within one year after the death of the insured, or if satisfactory evidence is furnished the insurance company within such one-year period showing that no

trustee can qualify to receive the proceeds, payment shall be made by the insurance company to the executors, administrators or assigns of the insured, unless otherwise provided by agreement with the insurance company during the lifetime of the insured. . . .

W.Va.Code § 44–5–11 (emphasis added). Jacobs argues that Little cannot qualify as trustee and therefore the proceeds should be paid to Little II's estate. The Court disagrees.

The section above governs testamentary trusts. *See id.* (titled "Designation of *testamentary* trustee as beneficiary of insurance"). Little II died intestate. The trust created by his insurance policies is an *inter vivos* trust. *West Virginia Code* Section 44–5–11 does not apply.

■ The fact that a trust was created, however, does not end the inquiry. The Statute of Uses executes uses when the trustee has no active duties. *See* George Gleason Bogert & George Taylor Bogert, *The Law of Trusts and Trustees* § 206 (2d rev. ed 1992) ("The Statute of Uses was passed for the purpose of destroying the use by 'executing' it, that is turning the equitable interest of the cestui que use into a legal interest and destroying the estate of the feoffee to uses entirely."). West Virginia has codified the Statute of Uses at Section 36–1–17 of the Code. *See id.* It provides:

> Whenever, by reason of any conveyance by written instrument or by will, the bare legal title to real or personal property is held by one person for the use or benefit of, or in trust for, another person mentioned or described in the instrument or will, and the holder of such legal title has no active duties of care or management or disposition of the property by reason of such trust, or has performed all such duties as were imposed upon him, the legal title to the same estate or interest which he had in the use of such property shall pass to and be legally deemed to be in the person for whose use or benefit or in trust

for whom, the legal title to the property was so held. W.Va.Code § 36–1–17. The statute quoted above requires legal title to pass directly from the trustee of a passive trust to the beneficiary by operation of law. *See Rogerson v. Wheeling Dollar Savings & Trust,* 159 W.Va. 376, 379, 222 S.E.2d 816, 819 (1976); *Wheeling Dollar Savings & Trust Co. v. Leedy,* 158 W.Va. 926, 934, 216 S.E.2d 560, 566 (1975) (Haden, C.J.). A trust is passive or dry when the trustee has no affirmative duties. *See* Bogert & Bogert, *supra* § 206. If a trustee has no duties except to distribute the *res* of the trust to the beneficiary, the Statute of Uses vests legal title in the beneficiary, and the trust is extinguished.

 Here, the trust creates no affirmative duties for the trustee. As a result, the Statute of Uses executes the trust and the *res* of the trust passes, by operation of law, to the beneficiary, Trey. Because Trey is a minor, the proceeds are payable to and investable by his legally qualified guardian, Defendant Jacobs. *Accord Dunlap v. Jones,* 38 F.Supp. 593, 594 (D.D.C.1941); *Bellinger v. Bellinger,* 180 Misc. 948, 951, 46 N.Y.S.2d 263, 266 (Sup.Ct.1943); *Atkins v. Atkins,* 70 Vt. 565, 41 A. 503, 503–04 (1898); *see also* 76 Am.Jur.2d *Trusts* § 10 (1992) ("[T]he fact that the beneficiary of a trust is an infant does not, by itself, convert a trust which imposes no active duties upon the trustee, from a passive to an active one.").

 Defendant Little argues that the trust creates the affirmative duty that he distribute the trust fund for Trey's benefit. However, there is no provision in the trust agreement that governs how and when Little may distribute the income or the principal of the trust, except that, by implication, it be done for Trey's sole benefit. On the other hand, Section 44–10–1 *et seq.* of the *West Virginia Code* provides for regulated protection of a minor's assets. A guardian may distribute a minor's assets only pursuant to statute, and in many instances, such distribution requires approval from the circuit court. *See* W.Va.

Code § 44–10–8. A guardian may spend the earnings from the trust *res* only for the maintenance and education of the ward, but may not invade the principal without court approval. Moreover, the statute requires the guardian to post an adequate bond, further protecting the minor from improper distributions by the trustee. *See* W.Va.Code § 44–10–5 (1997).

 Defendant Jacobs was appointed guardian for Trey and posted a bond, the adequacy of which will be addressed *infra.* The statute does not provide for multiple guardians. *See generally* W.Va.Code § 44–10–3 (1997). Because the Statute of Uses executes the passive insurance trust created by Little II, the insurance proceeds pass to the guardianship account. As guardian for Trey, Jacobs is required to spend and distribute the proceeds only as allowable under Section 44–10–8 of the Code.

### III. CONCLUSION

Because Little II created a passive trust, legal title passes by operation of law to the beneficiary of the trust, Trey. Due to Trey's minor status, the insurance proceeds are to be administered by his legal guardian during his minority. Accordingly, Defendant Little's motion is **DENIED,** Defendant Jacobs's motion is **GRANTED,** and judgment is **ENTERED** in favor of Defendant Jacobs. In addition, the Court **ORDERS** Defendant Jacobs to post a bond in the amount of $233,151.56, in addition to any bond heretofore posted by Jacobs as legal guardian for Trey, consistent with *West Virginia Code* Section 44–10–5.

The Clerk is directed to distribute the insurance proceeds deposited in the Registry plus interest accrued less lawful expenses to the guardianship account and to send a copy of this Memorandum Opinion and Order to counsel of record.