■ In the Matter of the Estate of BORIS KIEJLICHES, Deceased. ELENA KIEJLICHES, Appellant; ALEXSANDER KEY-LIKHES et al., Respondents. [740 NYS2d 85] —In a probate proceeding, the decedent's widow Elena Kiejliches appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Richmond County (Fusco, S.), dated December 8, 2000, as granted the motion of the Public Administrator for a preliminary injunction restraining her from (a) access to and withdrawal of any moneys contained in an account at Salomon Smith Barney which she held jointly with the decedent, and (b) transferring, encumbering, leasing, or otherwise interfering with the Staten Island residence she owned jointly with the decedent, and denied her cross motion for permission to withdraw $500,000 from the Salomon Smith Barney account.

Ordered that the order is affirmed insofar as appealed from, with costs.

In late March 2000, the decedent Boris Kiejliches disappeared from his Staten Island residence. The decedent's body was subsequently found in a barrel which washed ashore at Howard Beach on April 25, 2000. The decedent was survived by his widow, the appellant Elena Kiejliches, their two young children, and an adult son from a prior marriage. The decedent left substantial assets, including assets jointly owned with the appellant. These assets include the house in Staten Island which the couple acquired prior to their marriage as joint tenants with a right of survivorship, and an investment account at Salomon Smith Barney, which was worth approximately $1,000,000 at the time of the decedent's death. On May 12, 2000, a Richmond County grand jury indicted the appellant for her husband's murder.

Although both the appellant and the decedent's adult son

subsequently petitioned the Surrogate for letters of administration, the Public Administrator was appointed as the fiduciary of the estate. Shortly after his appointment, the Public Administrator moved to preliminarily restrain the appellant from access to and withdrawal of funds from any savings, checking, or investment accounts held by the decedent, including the Salomon Smith Barney account which the decedent held jointly with her. In addition, the Public Administrator sought to restrain the appellant from transferring, encumbering, leasing, or otherwise interfering with the Staten Island residence, where the decedent's minor children currently reside with relatives. The Surrogate granted the Public Administrator's motion, and we now affirm.

Contrary to the appellant's contention, the Surrogate properly restrained her access to the joint account at Salomon Smith Barney pending, inter alia, resolution of the criminal charges against her. The Surrogate is empowered by statute to determine a decedent's interest in any property claimed to constitute a part of his or her gross estate, and to determine the rights of any persons claiming an interest therein (*see,* SCPA 209 [4]). In exercising this authority, the Surrogate may grant injunctive relief (*see, Matter of Langfur,* 198 AD2d 355). Here, the Public Administrator alleged that all of the moneys in the Salomon Smith Barney account may constitute estate funds because it was a convenience account established by the decedent to allow his wife to conduct transactions while he was out of the country on business, and was not opened with the intent of conferring a beneficial interest in one half of the account upon the appellant. This allegation, if established at an evidentiary hearing, would overcome the presumption that the appellant is entitled to one half of the funds contained in the account (*see, Matter of Bobeck,* 143 AD2d 90; *Matter of Friedman,* 104 AD2d 366, *affd* 64 NY2d 743).

In addition, if the appellant is convicted of murder in the second degree in connection with the decedent's death, her share of the joint account may be limited to those moneys she actually contributed to the account by operation of EPTL 4-1.6. This statute was enacted in 1994 to ensure that an individual who is convicted of murdering his or her joint tenant "will forfeit all of the moneys contained in the joint account, with the exception of those moneys which he [or she] deposited himself [or herself]" (Mem of Assembly Member Balboni, L 1994, ch 481, NY Legis Ann, at 325). Since the appellant's presumptive right to a one-half share of the subject account may be potentially defeated either by proof that the account

was a convenience account or by operation of EPTL 4-1.6, the Surrogate properly restrained her from access to this account to ensure that potential estate funds are preserved for the benefit of the children.

While the appellant has a vested property interest in the Staten Island residence which does not come within the scope of EPTL 4-1.6, the Surrogate properly restrained her from transferring or encumbering her interest in the residence until further order of the court. Although the appellant will be entitled to retain her own interest in the property even if convicted of her husband's murder (*see, Matter of Covert,* 97 NY2d 68), a conviction or a civil finding that she is responsible for his death will cause her to forfeit her right of survivorship (*see, Matter of Covert, supra; see also, Riggs v Palmer,* 115 NY 506; *Matter of Mathew,* 270 AD2d 416; *Community Natl. Bank & Trust Co. v Wisan,* 185 AD2d 870). Considering the uncertain nature of the appellant's status, and the fact that the minor children continue to reside in the premises with relatives, it was appropriate to restrain the appellant from taking any actions which might potentially affect the value of the premises, or threaten the children's right to continued possession.

The appellant's remaining contentions are without merit. Ritter, J.P., S. Miller, Krausman and Goldstein, JJ., concur.