■ STEPHEN J. COLE-HATCHARD, Appellant, v KATHLEEN M. COLE-HATCHARD, Respondent. [742 NYS2d 868] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Rockland County (Weiner, J.), entered July 6, 2000, as directed the allocation of his interest in his pension assets to be made by a qualified domestic relations order.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the provision thereof directing the allocation of the plaintiff's interest in his pension assets is vacated.

The parties entered into a comprehensive settlement agreement which fully resolved the distribution of the marital property. It provided for the distribution of certain marital assets to the defendant and that the plaintiff would receive the

balance of the marital property. Since the agreement made no provision for the distribution of the plaintiff's police pension assets to the defendant, the Supreme Court erred in directing the allocation of those assets (*see Cohen-Davidson v Davidson,* 291 AD2d 474; *Cappello v Cappello,* 286 AD2d 360; *March v March,* 233 AD2d 371, 372; *Ramsperger v Ramsperger,* 120 AD2d 940, 941). Feuerstein, J.P., Krausman, Luciano and Crane, JJ., concur.