■ ALEXANDER STOROZYNSKI, Respondent, v BEATA STOROZYN-SKI, Appellant, et al., Defendants. [781 NYS2d 141]—

In an action, inter alia, for injunctive relief, the defendant Beata Storozynski appeals from an order of the Supreme Court, Nassau County (McCarty, J.), entered August 27, 2003, which granted the plaintiff's motion for a preliminary injunction and denied her cross motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying those branches of the appellant's cross motion which were for summary judgment dismissing so much of the first cause of action as sought to turn over the funds held in an individual retirement account with Salomon Smith Barney insofar as asserted against her and the second cause of action to recover the life insurance proceeds insofar as asserted against her, and substituting therefor a provision granting those branches of the cross motion, and (2) deleting the provision thereof granting that branch of the plaintiff's motion which was for a preliminary injunction to the extent that it included the funds held in the individual retirement account with Salomon Smith Barney; as so modified, the order is affirmed, without costs or disbursements.

The defendant Beata Storozynski (hereinafter the defendant) married the plaintiff's decedent, George Storozynski (hereinafter Storozynski) in 1996. Although the couple divorced in November 2000 in Poland, Storozynski did not remove the defendant as the designated beneficiary of his life insurance policy and his individual retirement account (hereinafter the IRA) with Salomon Smith Barney before his death in October 2002.

The defendant established her entitlement to partial summary judgment by submitting evidence in admissible form that she was entitled to the proceeds of the life insurance policy and the IRA because the plaintiff's decedent did not execute a writ-

ten change of beneficiary form in the two years following their divorce despite being of sound mind (*see* EPTL 13-3.2; *McCarthy v Aetna Life Ins. Co.,* 92 NY2d 436, 440 [1998]). In opposition, the plaintiff, who argued that the defendant waived any interest she had in those proceeds in an agreement entered into between the defendant and Storozynski dated November 14, 2000 (hereinafter the agreement), failed to raise a triable issue of fact.

Since the parties neither invoked Polish law nor supplied applicable citations to it (*see* CPLR 4511 [b]), they are presumed to agree that the law of New York controls the interpretation of the agreement. Under New York law, a named beneficiary can waive his or her interests so long as the waiver is explicit, voluntary, and made in good faith. The agreement was insufficient to effect a waiver of the defendant's interests in the life insurance policy and the IRA as neither was specifically mentioned in the agreement and a waiver may not be inferred from the limited language therein (*see Eredics v Chase Manhattan Bank,* 100 NY2d 106, 112 [2003]; *cf. Silber v Silber,* 99 NY2d 395, 404 [2003], *cert denied* 540 US 817 [2003]; *Naginsky v State Farm Life & Acc. Assur. Co.,* 231 AD2d 695, 697 [1996]). As the plaintiff failed to raise a triable issue of fact, the Supreme Court should have granted the defendant partial summary judgment dismissing so much of the first cause of action as sought to turnover the funds held in the IRA insofar as asserted against her and the second cause of action to recover the life insurance proceeds insofar as asserted against her.

The preliminary injunction, while providently granted (*see Matter of Kiejliches,* 292 AD2d 530, 531 [2002]), must be modified accordingly and limited to the Citigold Services and Citibank accounts. Smith, J.P., Krausman, Crane and Spolzino, JJ., concur.