OPINION OF THE COURT
John B. Riordan, J.
Within a pending administration proceeding, the temporary administratrices of the decedent’s estate moved the court for an order enjoining the respondent from spending, transferring, or otherwise disposing of the proceeds of a certain policy of insurance on the decedent’s life. They also seek an accounting from her of the funds received and a direction that she surrender to the estate the proceeds of the policy. Respondent argues that the motion should be denied in its entirety. For the reasons that follow, the motion is granted in part and denied in part.
The marriage of decedent Anthony Gallo and respondent Marlene Gallo was terminated by judgment of divorce dated December 2, 2002. Pursuant to the terms of article thirty-one of a separation agreement entered into by the parties on or about September 10, 2002, Anthony was to maintain an insurance policy on his life in the sum of $250,000 designating Marlene as the “irrevocable trustee” for the couple’s two infant children, Christina and Taylor. At the time of his death on December 22, 2003, decedent owned a certain policy of insurance on his life in the sum of $350,000 which names Marlene as the beneficiary, without mention of the children or designating her as trustee for their benefit. The insurance company evidently paid the proceeds to Marlene upon proof of Anthony’s death.
The movants contend that Marlene is not entitled to any of the proceeds of the policy, alleging that in the separation agreement she waived any and all interests she might have had in the policy proceeds. Article sixteen of the separation agreement provides that:
“Except as otherwise provided in this agreement, each party may dispose of his or her property in any manner that he or she may deem appropriate. Each party hereby waives, relinquishes, and releases forever any and all rights which he or she may now have or may hereafter acquire under the present or future laws of any jurisdiction to share in the property or estate of the other as a result of the marital relationship of the parties. This waiver includes, but is not limited to, dower, courtesy, statutory allow *630 anee, homestead rights, right to take under the rules of interstate [síc] succession, right to elect against the will of the other, right to act as administrator or executor of the estate of the other, or in any manner participate in the estate of the other.”
A designated beneficiary can waive the right to receive the proceeds of the fund to which the beneficiary is entitled where the beneficiary’s waiver is explicit, voluntary, and made in good faith (Silber v Silber, 99 NY2d 395 [2003], cert denied 540 US 817 [2003]; Eredics v Chase Manhattan Bank, 100 NY2d 106 [2003]). Here, while the separation agreement provides explicit mention of certain categories of property interests, it is silent regarding life insurance. The separation agreement was therefore insufficient to effect a waiver of the respondent’s right to the proceeds of the life insurance policy as it was not specifically mentioned in the agreement and a waiver may not be inferred from the limited language therein (Storozynski v Storozynski, 10 AD3d 419, 420 [2004]). Movants’ reliance on Curley v Giltrop (68 NY2d 651 [1986]) is misplaced, because in Curley the surviving spouse had expressly waived her right to life insurance proceeds in consideration of receiving other marital assets; that is clearly not the case here.
There being no mention whatsoever that the decedent made any attempt to change the beneficiary designation on his life insurance policy to indicate that $100,000 thereof was to be paid to his estate, the estate has no interest in the policy and Marlene is clearly entitled to $100,000 of the policy proceeds in her own right (McCarthy v Aetna Life Ins. Co., 92 NY2d 436 [1998]).
Not only did Anthony not change the beneficiary designation to name his estate as a beneficiary, he also never changed it to indicate that, as to $250,000 thereof, Marlene was the beneficiary as “trustee” of their two children. Presumably, this $250,000 was intended to provide for the children’s needs in the event of Anthony’s death and the termination of his child support obligation. While no trust is created simply by using the word “trust,” it could be argued that a constructive trust be impressed upon that portion of the insurance proceeds which the decedent was obligated to pay to the “trustee” for the benefit of the children. Where, pursuant to the terms of a separation agreement, a party is required to maintain a policy of life insurance naming the former spouse as beneficiary, a constructive trust may be impressed upon the proceeds of a policy on the decedent’s life which names another person as beneficiary (Si *631 monds v Simonds, 45 NY2d 233 [1978]). However, the children themselves are the interested persons to enforce any constructive trust and not the estate of the deceased insured (Provident Life & Acc. Ins. Co. v Little, 88 F Supp 2d 604 [2000], affd 238 F3d 414 [2000]). That being the case, and the mother having a conflict of interest with her children over this issue, the court will appoint Susan Bacigalupo, Esq. as guardian ad litem on behalf of the children to “initiate in behalf of the [infants] a proceeding for the protection of the [infants’] financial or other interests” in accordance with SCPA 1713 (4).
Following her appointment as guardian ad litem and prior to the commencement of any proceeding, she should request a conference at the court at which both the mother and her attorney are to be present.
Accordingly, the motion is granted to the extent that Marlene is restrained from transferring or encumbering $250,000 of the insurance proceeds she received except on further order of the court, and is otherwise denied.