■ DAVID SMITH, Respondent, v PATHMARK STORES, INC., Formerly Known as SUPERMARKETS GENERAL CORPORATION, Respondent, and Estate of MARGARET O'NEILL, Deceased, by TOM O'NEILL, Executor, Appellant. [869 NYS2d 584]—

The plaintiff met his burden in moving for summary judgment by establishing, prima facie, that he was the designated beneficiary under a Pathmark 401k Savings Plan (hereinafter the Plan) maintained by his former wife, now deceased (hereinafter the decedent), as an employee of the defendant Pathmark Stores, Inc., formerly known as Supermarkets General Corporation (hereinafter Pathmark) (*see Storozynski v Storozynski,* 10 AD3d 419 [2004]). In opposition, the appellant, the estate of the decedent (hereinafter the Estate), failed to raise a triable issue of fact.

Contrary to the Estate's contention, the stipulation entered into by the plaintiff and the decedent prior to her death did not constitute a waiver of the plaintiff's interest in the Plan. The stipulation did not expressly reference the Plan, and the general release language contained therein was insufficient to effectuate a valid waiver (*see Eredics v Chase Manhattan Bank,* 100 NY2d 106, 112-113 [2003]; *Storozynski v Storozynski,* 10 AD3d 419 [2004]; *cf. Silber v Silber,* 99 NY2d 395, 404 [2003], *cert denied* 540 US 817 [2003]; *Valentin v New York City Police Pension Fund,* 16 AD3d 145 [2005]).

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment, dismissed the counterclaims asserted by the Estate, declared that the plaintiff is the primary beneficiary under the Plan, and directed Pathmark to deliver the corpus of the Plan to the plaintiff.

The Estate's remaining contention is without merit. Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.