10-4102-cv
Hallingby v. Hallingby

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of January, two thousand twelve.

Present:
        GUIDO CALABRESI,
        ROBERT A. KATZMANN,
        BARRINGTON D. PARKER,
                *Circuit Judges*.

_____

JO DAVIS HALLINGBY, as Executrix of the Estate of
PAUL HALLINGBY, JR.

        *Plaintiff-Appellant-Cross-Appellee*,

                v.                                          No. 10-4102-cv

MAI V. HALLINGBY,

        *Defendant-Appellee-Cross-Appellant*.

_____

For Plaintiff-Appellant-Cross-Appellee:     RICHARD H. DOLAN (Niall D. O'Murchadha, *on the brief*), Schlam, Stone & Dolan, LLP, New York, N.Y.

For Defendant-Appellee-Cross-Appellant:     THOMAS E. ENGEL (Katherine B. Thornburgh, *on the brief*), McKool Smith P.C., New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Marrero, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant-Cross-Appellee Jo Davis Hallingby ("Jo Hallingby"), as Executrix of the Estate of Paul Hallingby, Jr. (the "Estate"), and Defendant-Appellee-Cross-Appellant Mai V. Hallingby, now known as Mai Harrison ("Harrison"), both appeal from a March 3, 2010 order of the district court (Marrero, *J.*) granting in part and denying in part both of their respective motions for summary judgment. Harrison also appeals from an order dated September 7, 2010, as amended by an order dated September 29, 2010 and ultimately entered October 1, 2010, awarding Jo Hallingby attorneys' fees and costs in the amount of $202,621.31.

The Estate brings this action principally seeking a declaratory judgment that it is the rightful holder of the survivorship interest in certain annuities issued to Paul Hallingby, Jr. ("Paul Hallingby"), as well as recovery for breach of contract and unjust enrichment against Harrison, Paul Hallingby's former wife, for Harrison's acceptance of survivorship payments under those annuities after Paul Hallingby's death. The Estate contends that Harrison waived her interest in the annuities by agreeing, in Article II(2) of her and Paul Hallingby's divorce agreement, that "the parties acknowledge they have no right, title or interest in any of the . . . annuities . . . now in the name of the other, whether in the other's sole name or jointly or in trust for another." J.A. 53. Harrison responds by arguing that Article II(2) of the divorce agreement does not refer to the annuities at issue here because her survivorship interest therein had "vested" long before the execution of the divorce agreement, and so was constructively in her own "name." Harrison also argues that, even if she had waived her interest in the annuities, such a waiver would be unenforceable because § 3.3(B) of the annuities states that Paul Hallingby, as the primary annuitant, does "not have the right to change the survivor annuitant for any reason"

2

after the benefits have vested. J.A. 229. We assume the parties' familiarity with the underlying facts and procedural history of this case.

"We review a grant of summary judgment de novo, examining the evidence in the light most favorable to, and drawing all inferences in favor of, the non-movant. Summary judgment should be granted only if there is no genuine issue as to any material fact, and if the moving party is entitled to a judgment as a matter of law." *Call Ctr. Techs., Inc. v. Grand Adventures Tour & Travel Publ'g Corp.*, 635 F.3d 48, 51 (2d Cir. 2011) (internal quotation marks and citation omitted).

We first consider whether Harrison waived her survivorship interest in the annuities. It is well-established that, under New York law, a designated beneficiary may waive his or her right to survivorship benefits so long as the waiver is "explicit, voluntary and made in good faith." *Silber v. Silber,* 99 N.Y.2d 395, 404 (2003). Here, there is no dispute that Harrison and Paul Hallingby entered the divorce agreement voluntarily and in good faith. As to explicitness, the language of the divorce agreement is clear: Hallingby and Harrison each agreed that they "have no right . . . in any. . . annuities. . . now in the name of the other." This is an all-encompassing disclaimer, covering "any" annuity held by the other party. Moreover, the disclaimer is similar in language and scope to contractual provisions that New York courts have found to constitute a waiver of an individual's right to the survivorship interest in his or her ex-spouse's retirement benefits. *See, e.g.*, *March v. March*, 233 A.D.2d 371, 372 (2d Dep't 1996) (holding that the following constituted a waiver of an ex-wife's interest in her former husband's retirement plans: "[the ex-wife] has no right, title or interest in any of the . . . pension plans, retirement plans, profit-sharing plans, annuities or IRAs now in the name of the [ex-husband]"); *Curley* v. *Giltrop,* 68 N.Y.2d 651, 652 (1986) (holding that the following constituted a waiver of the ex-wife's

3

interest in her ex-husband's survivorship pension benefits: "[the ex-wife shall] not make any claim on [decedent's] retirement . . . or any insurances, or request maintenance from [the ex-husband]") (emphasis supplied by the Court of Appeals omitted).

In addition, we are unconvinced by Harrison's argument that her survivorship interest in the annuities was in her own "name" simply because that interest had vested. The annuities were issued to Paul Hallingby, by his former employer, in recompense for his years of employment. While § 3.3(B) of the annuities bars Paul Hallingby, as the primary annuitant, from "chang[ing] the survivor annuitant for any reason," this provision does not speak to Harrison's intent with respect to Article II(2) of the divorce agreement, nor to Harrison's own power under New York common law to disclaim her interest in the annuities. *Cf. Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 295 (2009) ("[T]he law certainly is not so absurd as to force a man to take an estate against his will.") (internal quotation marks and brackets omitted). Accordingly, we affirm the district court's conclusion that Harrison waived her survivorship interest in Paul Hallingby's annuities by agreeing to Article II(2) of the divorce agreement.

Next, we consider the enforceability of Harrison's waiver under New York law. New York courts have frequently held that an otherwise valid waiver of a property right is enforceable to divest an individual of that right, even where the waiver is inconsistent with applicable contractual or statutory provisions restricting that property right's alienation. *See Eredics v. Chase Manhattan Bank, N.A.,* 100 N.Y.2d 106, 111 (2003) (stating that, in the interests of "fairness in effectuating the clear intent of the parties," a beneficiary of a Totten Trust may waive his or her rights thereto even though the grantor of the trust had failed to follow New York statutory requirements for its revocation); *see also, e.g.*, *Curley*, 68 N.Y.2d at 653-54 (enforcing the terms of an ex-wife's waiver of her interest in her ex-husband's pension benefits even though

4

she remained the designated beneficiary under the terms of the pension plan); *Silber*, 99 N.Y.2d. at 404 (same). In *Silber*, the New York Court of Appeals directed New York courts to enforce waivers where necessary to "effectuat[e] the clear intent of parties" rather than adhere to "[s]trict application" of statutory or contractual provisions that are inconsistent with the waiver. *Id.* at 403-04 (enforcing a beneficiary's waiver of her benefits under a pension plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*, even though that Act provides that "benefits provided under [a pension] plan may not be assigned or alienated," 29 U.S.C. § 1056(d)(1)). By contrast, Harrison points to no case in which a New York court ever refused to enforce a valid, good-faith waiver of a property interest because of some countervailing restriction on that property right's alienation. Accordingly, we find that Harrison's waiver is enforceable, and we consequently affirm the district court's ruling that Harrison breached the divorce agreement by accepting survivorship annuity payments after Paul Hallingby's death in violation of this waiver.

We next turn to assessing the district court's conclusion that the Estate could not prove actual damages with sufficient specificity because it could not establish with "reasonable certainty that had Harrison performed under [Article II(2) of the divorce agreement] MetLife would have honored [Paul] Hallingby's change-of-beneficiary request and made payments to [Jo] Hallingby." *Hallingby v. Hallingby*, 693 F.Supp.2d 360, 369 (S.D.N.Y. 2010). We find no error in the court's ultimate conclusion. Notably, § 3.3(B) of the annuities bars Paul Hallingby from "chang[ing] the survivor annuitant for any reason," and MetLife therefore could have rightfully concluded that Harrison's waiver of her interest in "any" of her former husband's "annuities" in the divorce agreement operated to extinguish the survivorship annuity altogether,

rather than transfer the survivorship annuity to Paul Hallingby's residual estate. Accordingly, the estate suffered no identifiable damages.[1]

We now turn to Harrison's claim that the district court erred in awarding the Estate attorneys' fees and costs of $202,621.31 pursuant to a fee-shifting provision in the divorce agreement. An award of attorneys' fees is reviewed for abuse of discretion. *See Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 229 (2d Cir. 2006). A court abuses its discretion to award attorneys' fees and costs where the award is predicated on an error of law or a clearly erroneous factual finding, or "its decision . . . cannot be located within the range of permissible decisions." *Kickham Hanley P.C. v. Kodak Ret. Income Plan,* 558 F.3d 204, 209 (2d Cir. 2009) (internal quotations omitted). Here, while it would have been helpful for the district court to address the fact that its fee award exceeds the total amount in controversy in this litigation, *see Diamond D Enter. USA, Inc. v. Steinsvaag*, 979 F.2d 14, 19 (2d Cir. 1992) (under New York law, an award of fees "in excess of the amount involved in a litigation would normally appear to be unreasonable"), we cannot say that the district court abused its discretion in awarding the Estate attorneys' fees and costs based on the actual number of hours worked by its attorneys and their customary billing rates. *See Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 184 n.2, 189 (2d Cir. 2008) (in awarding fees, courts should "set[] a reasonable hourly rate, taking account of all case-specific variables," focusing on "what a reasonable client would expect to pay," and then multiplying that rate by the number of hours worked). After reviewing the Estate's fee application, which included itemized lists of the fees

---

[1] MetLife was originally a party to this action, but was dismissed from the action with prejudice on the basis of its representation to the district court that it had no interest in the outcome of this dispute, and that it would make payments to either Harrison or Jo Hallingby as determined by the Court.

incurred by the Estate in prosecuting the instant action up until that point, the district court came to the considered conclusion that the requested fees and costs were reasonable. In light of the fact that this action has been pending since 2006, and has resulted in multiple appeals to this Court, we cannot conclude that the district court's decision to award fees and costs of $202,621.31 amounted to an abuse of discretion.

Finally, we are not persuaded by Harrison's argument that we do not have subject matter jurisdiction over this action because the New York court from which it was removed did not have jurisdiction at the time of removal. As we stated on a prior appeal in this action:

> Although the existence of federal subject matter jurisdiction over an action removed from state court to federal court is normally to be determined as of the time of removal, it is now established that if a case was erroneously removed to federal court and a judgment was subsequently entered on the merits, the jurisdictional flaw that existed at the time of removal "is not fatal to the ensuing adjudication if federal jurisdictional requirements are met at the time judgment is entered." [*Caterpillar Inc. v. Lewis,* 519 U.S. 61, 64 (1996)]. Thus, we view the critical issue to be whether the district court had subject matter jurisdiction at any time before it rendered judgment.

*Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009) (internal citation and quotation marks omitted). Because the Complaint alleges that the estimated present value of the Annuities is $150,000 and there is complete diversity, this Court has diversity jurisdiction over this action.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

7