14-1105-cv
Union Central Life Ins. Co. v. Berger

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of September, two thousand fifteen.

Present:     GUIDO CALABRESI,
             CHESTER J. STRAUB,
             ROSEMARY S. POOLER,
                     *Circuit Judges.*

---

UNION CENTRAL LIFE INSURANCE COMPANY,

*Plaintiff - Counter Defendant - Cross Defendant - Appellee*,

v.

HEATHER A. BERGER,                                    No. 14-1105-cv

*Defendant - Counter Claimant - Cross Claimant - Appellant*,

RISE K. CROSS,

*Defendant - Counter Claimant - Cross Claimant - Cross Defendant - Appellant*,

v.

CYNTHIA STEINMETZ, individually and as administratix of the Estate of Wayne A. Cross,

*Defendant - Cross Claimant - Counter Claimant - Cross Defendant - Appellee*.

---

Appearing for Appellants:          James Tampellini, Katten Muchin Rosenman LLP,
                                    (Michael I. Verde, on the brief), New York, NY


Appearing for Appellee
Cynthia Steinmetz:                 Kim E. Rinehart, Wiggin and Dana LLP, New Haven, CT


Appearing for Appellee
Union Central Life Insurance Co.:  Steven P. Del Mauro, McElroy, Deutsch, Mulvaney &
                                    Carpenter, LLP (Valerie G. Kesedar, on the brief),
                                    Morristown, NJ


Appeal from the United States District Court for the Southern District of New York (Gardephe, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Heather Berger and Rise K. Cross (together, "Cross") appeal from the September 20, 2012 memorandum and order of the United States District Court for the Southern District of New York (Gardephe, J.) (1) denying Cross's motion for partial summary judgment; (2) granting the motion of Union Central Life Insurance Company for interpleader relief and dismissing it from the case; and (3) granting Cynthia Steinmetz and the Estate of Wayne A. Cross (together "Steinmetz") the life insurance proceeds at issue in this action and awarding the estate attorneys' fees and costs. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Cross argues that the district court erred in looking to the terms of the settlement agreement she entered into with Wayne Cross at the time the two divorced (the "Settlement Agreement") to decide who should receive the life insurance proceeds at issue. In New York, courts often look to the terms of a settlement agreement in a divorce to effectuate the parties' intent.  The right to recover life insurance proceeds upon the death of his or her former spouse may be waived by a property settlement agreement. *See, e.g., Curley v. Giltrop*, 68 N.Y.2d 651, 654 (1986). In cases involving pension rights, for example, the New York Court of Appeals has found that designated beneficiaries may waive their right to receive the fund proceeds where the beneficiary's waiver is explicit, voluntary, and made in good faith. *Silber v. Silber*, 99 N.Y.2d 395 (2003).  We find no fault with the district court's interpretation of the Settlement Agreement, and agree that Cross waived her right to insurance in excess of $1 million after Wayne Cross turned 62.

We also affirm the district court's finding that, in pursuing her claims here, Cross breached the Settlement Agreement.  It is undisputed that Wayne Cross satisfied his obligation to provide Cross with life insurance benefits in accordance with the terms of the Settlement Agreement. However, as the district court correctly found, in seeking to collect more than she bargained for, Cross violated several terms of the Settlement Agreement.  The plain terms of the Settlement Agreement obligated her to disclaim any right in Wayne Cross's property and estate

2

except as specified in the Settlement Agreement, and Cross failed to comply with those terms. Finding no fault with the district court's damages award on Steinmetz's claim for attorneys' fees and costs, we affirm it in full.

Finally, with regard to the claims asserted by both parties against Union Central, we affirm. Steinmetz's claims were properly dismissed as moot, and Cross's claims were properly dismissed for lack of merit and, in the case of the negligence claim, waiver.

We have examined the remainder of Cross's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3