■ In the Matter of JAMES LA RUFFA, Appellant, v BERDELLA SMITH, as Inmate Records Coordinator for Eastern Correctional Facility, et al., Respondents.—Mikoll, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered Novem-

ber 30, 1987 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking jail time credit on a State sentence for time spent in Federal custody on Federal charges.

While out on bail on a Federal bank robbery charge petitioner was charged with conspiracy to break into a United States post office with intent to commit larceny. He pleaded guilty to the latter charge and was sentenced to a five-year term of imprisonment on June 25, 1971. While out on an appeal bond, petitioner was apprehended and charged with murder in the second degree under State law. Petitioner was held without bail until convicted of that charge on December 16, 1971. On February 8, 1972 he was sentenced to 20 years' to life imprisonment. This sentence did not provide that it was to run concurrent with the prior Federal sentence.

After imposition of his sentence for the murder conviction, New York authorities sent petitioner to the Federal House of Detention. Pursuant to a plea bargain, petitioner was then sentenced to a 7½-year prison term for the Federal bank charge which was reduced to bank larceny. The Federal order of commitment for this charge recommended that the Federal sentence be served in a State penitentiary. Consequently, the Federal authorities returned petitioner to New York authorities but they refused to accept custody of petitioner because of his unsatisfied Federal sentence. He was then in Federal custody until he was paroled on August 27, 1974. The State Department of Correctional Services then took petitioner into custody to begin service of his State murder sentence, which he is now serving at Eastern Correctional Facility in Ulster County.

A prior CPLR article 78 proceeding seeking jail time credit on petitioner's State murder sentence for time served in Federal confinement on the Federal charges was commenced in Supreme Court, Wyoming County, in 1982. Supreme Court, in dismissing the petition, ruled that petitioner was not entitled to the relief requested. The court held that Penal Law § 70.25 (4) required that the State sentence be deemed to run consecutively to the Federal sentence since the State murder sentence did not specify that it was to run concurrently. Supreme Court concluded that the State correctly refused to accept petitioner in 1972 and properly turned petitioner over to the Federal authorities for service of his Federal sentence first. The court also ruled that petitioner was not entitled to jail time credit under Penal Law § 70.30 (3) because he was not in custody as the result of the charge that resulted in the

murder sentence while he was serving time on the Federal charges. Supreme Court further determined that the State did not interrupt the State sentence by delivering petitioner to the Federal authorities. The Fourth Department affirmed the judgment of Supreme Court, without opinion, on November 4, 1983 *(Matter of La Ruffa v Smith,* 97 AD2d 986).

Four years later, petitioner instituted the instant CPLR article 78 proceeding in Supreme Court, Ulster County, seeking the same relief as in the prior unsuccessful article 78 proceeding. However, in this new proceeding petitioner advanced a new legal theory. He argues that State officials improperly breached his Federal plea bargain. Supreme Court dismissed the new petition on the ground of res judicata, stating that petitioner sought the identical relief requested in the prior proceeding. This appeal ensued.

Initially, we find no merit to petitioner's contention that Supreme Court erred in dismissing this CPLR article 78 proceeding without conducting a hearing. "[A] valid final judgment bars future actions between the same parties on the 'same cause of action' " *(Matter of Reilly v Reid,* 45 NY2d 24, 27). "[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" *(O'Brien v City of Syracuse,* 54 NY2d 353, 357; *see, Boronow v Boronow,* 71 NY2d 284, 290; *Smith v Russell Sage Coll.,* 54 NY2d 185, 192-193).

In the 1982 proceeding and this proceeding, petitioner sought the same relief as a result of the refusal of officials of the State Department of Correctional Services to credit him with time served on his Federal convictions in computing his sentence on the State murder conviction. The prior proceeding resulted in a final judgment on the merits against petitioner which was affirmed by the Fourth Department. The new theory of recovery now presented by petitioner does not alter the situation. Supreme Court therefore properly ruled that the instant proceeding is res judicata with respect to the prior judgment.

Petitioner claims that the reason why his present claim of the State's breach of a Federal plea bargain was not presented in the earlier proceeding was due to the incompetence of his inmate representative. However, there is insufficient evidence in this record to show why the issue was not raised in the earlier proceeding. The party against whom the doctrine of collateral estoppel, a corollary doctrine to res judicata, is being applied has the burden of showing why he did not have

a fair opportunity to litigate the issue *(see, Sucher v Kutscher's Country Club,* 113 AD2d 928, 929). So too, by analogy *(see, O'Brien v City of Syracuse, supra),* the party against whom res judicata is being applied has the same burden. Petitioner failed to carry that burden in this case. Moreover, petitioner's argument is without merit.

We do not reach petitioner's other arguments for reversal.

Judgment affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.