■ KELLY A. GIBBONS, an Infant, by SUSAN GIBBONS, Her Mother, et al., Respondents, v AVERILL PARK SCHOOL DISTRICT, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Travers, J.), entered August 27, 1991 in Rensselaer County, which denied defendant's motion for summary judgment dismissing the complaint.

On January 16, 1984, plaintiff Kelly A. Gibbons (hereinafter Gibbons), then 10 years old, was injured when she slid into a fence while taking part in ski lessons at the Jiminy Peak Ski facility in Hancock, Massachusetts. Gibbons was there as a member of a ski club on a ski trip sponsored by defendant.

She and other students were being given lessons by a Jiminy Peak employee with equipment provided by Jiminy Peak. As a result of this accident, a lawsuit on Gibbons' behalf was commenced against Jiminy Peak in Massachusetts. That action was tried and appealed with the final result being a dismissal of the complaint in all respects. Plaintiffs then commenced this action against defendant basically alleging the same theory of negligence that had been alleged against Jiminy Peak. Following joinder of issue, defendant moved for summary judgment on the issue of collateral estoppel. Defendant argued that because the issue of Jiminy Peak's negligence was decided in the Massachusetts action, plaintiffs have no case against defendant. Supreme Court denied this motion and defendant now appeals.

We reverse. As an examination of plaintiffs' complaint and bill of particulars in the present action reveals, every claim against defendant is necessarily premised upon there having been some sort of negligence on the part of Jiminy Peak. There is no question that defendant sponsored a trip to this facility and provided transportation. Plaintiffs' claim that defendant was negligent in choosing that facility can have no substance without a showing that the facility was guilty of some misconduct. As a result, the issue of Jiminy Peak's alleged negligence is of vital importance to the present action and there is no question that this identical issue was finally determined against plaintiffs in the Massachusetts action. Accordingly, defendant has met its burden in this respect for the invocation of collateral estoppel (see, Ryan v New York Tel. Co., 62 NY2d 494, 501; 73 NY Jur 2d, Judgments, § 326, at 390-391).

Moreover, plaintiffs have failed to establish that they did not have a full and fair opportunity to contest this precise issue in the Massachusetts forum, as is their burden (see, La Ruffa v Smith, 148 AD2d 885, 887-888, lv denied 74 NY2d 608; 73 NY Jur 2d, Judgments, § 326, at 391). Therefore, defendant's invocation of the doctrine of collateral estoppel is appropriate (see, e.g., Granite Constr. Co. v Hartford Acc. & Indem. Co., 173 AD2d 948, lv denied 78 NY2d 857). Plaintiffs' attempt to establish negligence in this action on Jiminy Peak's part with the addition of expert proof is nothing more than an attempt to relitigate in a new forum that which they had every opportunity to accomplish previously. Consequently, because defendant cannot be found to be negligent in the absence of some proof of negligence by Jiminy Peak, we

conclude that defendant's motion for summary judgment should have been granted.

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.