■ In the Matter of MARY S. VOGEL, Appellant, v BOARD OF EDUCATION FOR THE DUNKIRK CITY SCHOOL DISTRICT et al., Respondents. [686 NYS2d 205] —Peters, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered January 14, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Education for the Dunkirk City School District denying petitioner's application for retroactive membership in respondent New York State Teachers' Retirement System.

Petitioner commenced her employment with the Dunkirk City School District (hereinafter the School District) in October 1975 and became a full-time employee starting with the 1977-1978 school year. In March 1996, petitioner applied for retroactive membership in respondent New York State Teachers' Retirement System (hereinafter the TRS) pursuant to Retirement and Social Security Law § 803. The application was denied by respondent Board of Education for the School District (hereinafter the Board) and, upon request, a review hearing was held on May 23, 1996. The Board produced evidence, in affidavit form, from Mary Gugino, the financial secretary in 1975,

which demonstrated that it was her practice to advise all new employees of their option to join the TRS as she assisted them in completing their necessary paperwork. Beverly Marquardt, an account clerk, established that Gugino was present on the day that petitioner commenced her part-time work for the School District and testified about a job study that was recorded in 1970 which confirmed that the components of the job performed by Gugino included the provision of retirement benefit information to new teachers. Finally, a W-4 withholding form and oath of allegiance form signed by petitioner on October 10, 1975 were submitted into evidence, further buttressing the procedure described by Gugino. The Board denied petitioner's application for retroactive membership, affirmed by a special meeting in July 1996, on the ground that she participated in a procedure which satisfied the requirements of Retirement and Social Security Law § 803 (b) (3) (iii).

In October 1996, petitioner commenced a CPLR article 78 proceeding, alleging, *inter alia*, that the decision of the Board was not supported by substantial evidence and requesting, *inter alia*, that Supreme Court order the Board to issue an employer's affidavit as required by Retirement and Social Security Law § 803 (b) (3). Supreme Court (Cobb, J.) granted petitioner's application to the extent that it ordered the preparation of a postreview affidavit. Notwithstanding the Board's failure to detail its determination in affidavit form, the court thereafter reviewed the merits thereof upon finding that the determination rendered was sufficiently detailed concerning the basis for the denial of the application. Concluding that the determination had a rational basis and was supported by substantial evidence, the court dismissed the petition. Petitioner never appealed that judgment.

This CPLR article 78 proceeding was thereafter commenced, seeking the same relief as previously sought upon the reiteration of all of the allegations which supported the prior petition. The Board answered and moved for dismissal based upon the doctrine of res judicata. Supreme Court (Hughes, J.) granted the Board's motion, prompting this appeal.

We affirm. The doctrine of res judicata "is grounded on the premise that once a person has been afforded a full and fair opportunity to litigate a particular issue, that person may not be permitted to do so again" (*Gramatan Home Investors Corp. v Lopez*, 46 NY2d 481, 485). As the party against whom res judicata was being utilized, petitioner bore the burden of demonstrating the lack of a fair opportunity to litigate the issue in the prior proceeding (*see, Matter of La Ruffa v Smith*, 148 AD2d

885, 887-888, *lv denied* 74 NY2d 608). Since the present proceeding involves the identical parties, issues, facts and relief sought and resolved against petitioner in the earlier proceeding and petitioner failed to demonstrate the lack of a fair opportunity to previously litigate these issues, the instant proceeding is barred by the doctrine of res judicata (*see, Matter of Freddolino v Village of Warwick Zoning Bd. of Appeals*, 192 AD2d 839, 840). Had petitioner been dissatisfied with Supreme Court's earlier determination, her remedy was to appeal that judgment within the applicable time period, not to initiate another, identical proceeding almost a year later (*see, Matter of Ferrara v Superintendent, N. Y. State Police*, 235 AD2d 874, *lv dismissed, lv denied* 90 NY2d 829).

After considering and rejecting all remaining contentions, we affirm the dismissal of the petition on the ground of res judicata.

Mercure, J. P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.