■ In the Matter of the Estate of NICHOLAS T. SBARRA, Deceased. BARBARA COLLEY, as Executor of NICHOLAS T. SBARRA, Deceased, Respondent; MARJORIE A. SBARRA, Appellant. [794 NYS2d 479]—

Rose, J. Appeal from a decree of the Surrogate's Court of Broome County (Barrett, J.H.O.), entered August 16, 2004, which, inter alia, granted petitioner's motion for summary judgment.

In 1969, Nicholas T. Sbarra (hereinafter decedent) created a tax deferred pension plan trust (hereinafter the pension plan) naming respondent, his wife, as sole beneficiary. He later purchased life insurance and established individual retirement accounts also naming her as beneficiary. In 1998, decedent and respondent stopped living together and executed a separation agreement. This agreement provided that, among other things, respondent would receive certain marital assets valued at $650,000, retain approximately $300,000 worth of assets that had been held in her name alone and waive any right that she had "to share as beneficiary of any life insurance proceeds, death benefits, retirement benefits, or to share in any other death benefits payable under any contract or otherwise." In their subsequent divorce action, respondent asserted that the separation agreement had been properly executed and was fair and reasonable. When the judgment of divorce was issued on May 10, 1999, the separation agreement survived and a Qualified Domestic Relations Order (hereinafter QDRO) was later entered directing the transfer of certain pension plan assets to

respondent pursuant to the agreement. After decedent's death on September 29, 2000 and the admission of his will to probate, a dispute arose between petitioner and respondent over the remaining pension plan assets and the other assets of which respondent was the named beneficiary. The parties cross-petitioned for possession of these assets and each moved for summary judgment. Supreme Court held that respondent had waived her rights to the remaining assets and awarded them to petitioner, prompting this appeal.

Respondent asserts that, although she signed the separation agreement, she did not acknowledge her signature to the notary public who signed it later, making it unenforceable as a waiver of her rights to decedent's pension plan and other assets. We cannot agree. A separation agreement must be properly acknowledged only in order to be enforceable in a matrimonial action (*see* Domestic Relations Law § 236 [B] [3]; *Matisoff v Dobi*, 90 NY2d 127, 135 [1997]). Since respondent does not deny that she signed the separation agreement and it survived the judgment of divorce, the agreement is enforceable in other types of actions despite the alleged insufficiency of the acknowledgment (*see Rainbow v Swisher*, 72 NY2d 106, 109 [1988]; *Singer v Singer*, 261 AD2d 531, 532 [1999]; *Geiser v Geiser*, 115 AD2d 373, 374 [1985]). Moreover, since respondent affirmatively alleged in the divorce action that the separation agreement was valid, she is judicially estopped from now challenging its validity. Having received the benefit of the separation agreement's provisions for division of marital property in the earlier divorce action, respondent may not now assume a contrary position here simply because her pecuniary interests have changed (*see South Rd. Assoc. v International Bus. Machs. Corp.*, 2 AD3d 829, 832 [2003], *affd* 4 NY3d 272 [2005]; *Clifton Country Rd. Assoc. v Vinciguerra*, 252 AD2d 792, 793 [1998]; *Ford Motor Credit Co. v Colonial Funding Corp.*, 215 AD2d 435, 436 [1995]).

Respondent also contends that, even if the separation agreement were enforceable and even though the Court of Appeals has now held that a beneficiary can waive his or her rights under a retirement plan established pursuant to the Employee Retirement Income Security Act of 1974 (29 USC § 1001 *et seq.*; *see Silber v Silber*, 99 NY2d 395 [2003], *cert denied* 540 US 817 [2003]), the separation agreement here does not explicitly identify the benefits being waived. In *Silber v Silber (supra)*, the Court of Appeals held that a designated beneficiary can waive the right to an ex-spouse's pension plan benefits by means of a written agreement so long as the waiver is explicit, voluntary and made in good faith (*id.* at 404; *see Brandon v Travelers*

*Ins. Co.*, 18 F3d 1321, 1327 [5th Cir 1994], *cert denied* 513 US 1081 [1995]; *Fox Val. & Vic. Constr. Workers Pension Fund v Brown*, 897 F2d 275, 280-281 [7th Cir 1989], *cert denied* 498 US 820 [1990]).

We find that the separation agreement here is sufficiently explicit. It refers to—and releases respondent's rights "as beneficiary" in—decedent's "retirement benefits" and "life insurance" (*see Clift v Clift*, 210 F3d 268, 271-272 [5th Cir 2000]). Although decedent's pension plan is variously described as a profit-sharing plan, a Keogh plan and a retirement plan, a review of the record makes clear that the pension plan was one of the retirement benefits referred to in the separation agreement. Specifically, the addendum to the separation agreement and the 1999 QDRO eliminate any doubt as to respondent's right to receive some—but not all—of the pension plan assets.

While respondent also argues that there are questions of fact as to whether her waiver was voluntary and made in good faith, her conclusory allegations of duress are unsupported by any affirmative proof and, thus, inadequate to raise a genuine issue of fact (*see Adalian v Stuyvesant Plaza*, 288 AD2d 789, 790 [2001]; *Fallon v Berney*, 189 AD2d 1028, 1031 [1993]). Moreover, she is, as we have held, judicially estopped from challenging the validity of the separation agreement.

We have considered respondent's remaining contentions and find them to be without merit.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decree is affirmed, without costs.