NATHANIEL N. WILLIAMS, Respondent, v DAVID M. BUSHMAN, Appellant. [894 NYS2d 94]—

In an action to recover damages for legal malpractice, the defendant appeals from (1) an order of the Supreme Court, Rockland County (Garvey, J.), dated May 21, 2008, which denied his motion for summary judgment dismissing the complaint, and (2) an order of the same court dated April 14, 2009, which denied his motion to enforce an alleged settlement agreement.

Ordered that the order dated May 21, 2008, is reversed, on the law, and the defendant's motion for summary judgment dismissing the complaint is granted; and it is further,

Ordered that the order dated April 14, 2009, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff, Nathaniel N. Williams, retained the law firm of Goldberg, Scudieri & Block, P.C. (hereinafter the Goldberg firm), to defend him in a mortgage foreclosure action commenced against him by Franklin Credit Management Corp. (hereinafter Franklin). Franklin moved for summary judgment on the complaint, submitting in support of its motion the executed mortgage and evidence of Williams's default. In opposition, Mark K. Lindenberg, an attorney associated with the Goldberg firm, submitted an affidavit from Williams asserting, inter alia,

that Williams had tendered a notice rescinding the mortgage to Franklin's predecessor in interest, Interstate Resource Corporation (hereinafter Interstate). Williams did not have a mail receipt or any other proof that the rescission notice had been sent to Interstate. Williams also asserted that Interstate had used unspecified "high pressure tactics" to induce him "to execute a high rate note and mortgage." In July 2000 the Supreme Court, Kings County, granted Franklin's motion for summary judgment.

Williams subsequently retained the defendant, David M. Bushman, to prosecute an action in the Supreme Court, Rockland County, to recover damages for legal malpractice against Lindenberg and the Goldberg firm. In July 2004 the Supreme Court granted the motion of Lindenberg and the Goldberg firm to dismiss the complaint as time-barred.

Williams then commenced the instant action alleging legal malpractice against Bushman on the ground that he failed to commence the legal malpractice action against Lindenberg and the Goldberg firm within the statute of limitations. Bushman moved for summary judgment dismissing the complaint, arguing that Williams could not show that he would have been successful in the underlying legal malpractice action but for Bushman's alleged error, because he could not show that Lindenberg committed malpractice or that any actions or omissions on Lindenberg's part were a proximate cause of the unfavorable resolution of the foreclosure proceeding. In an order dated May 21, 2008, the Supreme Court denied Bushman's motion for summary judgment.

Following the denial of summary judgment, Bushman moved to enforce a settlement agreement, which he alleged had been approved by Williams. In an order dated April 17, 2009, the Supreme Court denied Bushman's motion, holding that, although a settlement was apparently reached in principle, "it was never finalized by the execution of the settlement documents."

The Supreme Court properly determined that the parties did not enter into an enforceable settlement agreement. CPLR 2104 provides that, unless a stipulation is made in open court, it is not binding unless it is reflected in a writing signed by the parties or their attorneys, or in an order. Here, although the parties discussed a proposed settlement at a court appearance, they did not execute a writing, and they expressed their understanding that the settlement was not yet final (see Diarassouba v Urban, 71 AD3d 51 [2009]). The document Williams signed was a mere settlement proposal, which

did not fully reflect the terms of the settlement and specifically stated that it was not "intended as a final resolution of all issues in the case," and that those issues "shall be subject to a more formal written Stipulation of Settlement." Moreover, the proposal was signed by Williams before the court conference, and thus could not have confirmed any agreement reached at that conference (*cf. Davidson v Metropolitan Tr. Auth.*, 44 AD3d 819 [2007]). Accordingly, since the matter was not settled, we proceed to consider whether Bushman's motion for summary judgment was properly denied.

In an action to recover damages for legal malpractice, "a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman*, 99 NY2d 295, 301-302 [2002]; *see Rosenstrauss v Jacobs & Jacobs*, 56 AD3d 453 [2008]). To establish causation, "a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442).

Through, inter alia, the affidavit of an attorney who specialized in real estate law, Bushman made a prima facie showing that Lindenberg's alleged omissions did not constitute a failure to exercise the skill and knowledge commonly possessed by an attorney, and were not the cause of Franklin's motion for summary judgment being granted. That motion was granted because Franklin submitted validly executed mortgage documents and evidence of Williams's default, and Williams could not raise a triable issue of fact (*see Wells Fargo Bank, N.A. v Webster*, 61 AD3d 856 [2009]).

In response to Bushman's prima facie showing, Williams failed to raise a triable issue of fact as to whether he could have shown that Lindenberg committed malpractice and thereby prevailed in the first legal malpractice action. Williams failed to obtain any kind of proof of mailing when he allegedly sent the notice of rescission to Interstate, and his suggestion that Lindenberg could have procured, through discovery, evidence that Interstate actually received the notice is speculative. With respect to Lindenberg's alleged failure to uncover evidence of Interstate's "high pressure tactics," Williams has never explained, at any stage of any of the multiple actions involved here, exactly what those tactics were. Although he claims that he was told that the

document he was signing was not final, he acknowledges that he was aware that he had 72 hours to rescind the agreement (and he alleges that he, in fact, attempted to do so), and thus he could not have been prejudiced by such a misrepresentation.

Accordingly, the Supreme Court should have granted Bushman's motion for summary judgment dismissing the complaint. Prudenti, P.J., Mastro, Florio and Austin, JJ., concur.