■ Eric R. Hess, as Executor of Robert C. Hess, Deceased, Respondent-Appellant, v Karen J. Wojcik-Hess, Appellant-Respondent, et al., Defendant. [928 NYS2d 103]—

McCarthy, J.

Robert C. Hess (hereinafter decedent) and defendant Karen J. Wojcik-Hess (hereinafter defendant) were married in 1993. In the separation agreement they signed in 2006, defendant waived any claim or interest in decedent's retirement savings and pension plans. One year later, decedent died.

Prior to his death, decedent had not designated any individual as the beneficiary of his savings and security program account or personal pension account with his employer, defendant General Electric Company (hereinafter GE). Upon his death, GE began to distribute the proceeds of those accounts to defendant. Plaintiff, upon being appointed executor of decedent's estate, requested that defendant turn over the proceeds of the accounts to the estate. When she refused, plaintiff commenced this action against defendant and GE seeking the proceeds of the accounts, asserting that defendant breached the separation agreement and was unjustly enriched.

GE removed the case to federal court asserting federal question jurisdiction in that the matter was controlled by the Em-

ployee Retirement Income Security Act of 1974 (29 USC § 1001 *et seq.* [hereinafter ERISA]). In resolving multiple motions, the United States District Court for the Northern District of New York (Sharpe, J.) determined that GE was required under ERISA to distribute the account funds to defendant. The court also denied defendant's motion to dismiss plaintiff's state law claims, denied plaintiff's motion for summary judgment on those claims and remanded the state law claims to Supreme Court (*Hess v Wojcik-Hess*, 2010 WL 396284, *5, 2010 US Dist LEXIS 6168, *15-16 [ND NY 2010]). On remand, Supreme Court granted plaintiff's motion for summary judgment, granted him injunctive relief preventing defendant from disposing of the proceeds that she received or will receive from the accounts, and directed defendant to turn over all proceeds of the accounts to plaintiff. The court did not award plaintiff counsel fees.[1] Defendant appeals and plaintiff cross-appeals.

The doctrine of law of the case precluded defendant from relitigating the issue of preemption in Supreme Court because District Court had already denied her motion to dismiss the complaint, wherein she argued that plaintiff's causes of action were preempted by ERISA. In Supreme Court, defendant argued that the law of the case applied such that the court was required to adhere to the determination of District Court, thereby mandating denial of plaintiff's motion for summary judgment.[2] While we acknowledge that the law of the case doctrine does not bind this Court to decisions rendered by District Court (*see Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]), defendant's attempt to invoke the doctrine but limit its application to District Court's rulings in her favor is impermissible; the doctrine must be applied evenly. In denying defendant's motion to dismiss, District Court necessarily rejected her federal law counterclaim that ERISA preempted plaintiff's state law claims. Had preemption applied, the federal court would have dismissed the complaint rather than remanding invalid (i.e., preempted) claims to state court. Defendant had the opportunity to fully address the preemption argument in federal court—including the opportunity to appeal from the portion of District Court's decision that denied her motion to dismiss (*see Carlsbad Tech., Inc. v HIF Bio, Inc.*, 556 US —, —, 129 S Ct 1862, 1866 [2009])—

1. Although Supreme Court did not address plaintiff's request for counsel fees, the court's failure to address that application is deemed a denial (*see Dickson v Slezak*, 73 AD3d 1249, 1251 [2010]).

2. Supreme Court did not apply the law of the case to this portion of District Court's decision, finding that District Court did not address plaintiff's summary judgment motion on the merits and only denied it to allow plaintiff's state law claims to be decided in state court upon remand.

and she was bound by the law of the case established on that issue in the federal court's decision (*see People v Evans*, 94 NY2d 499, 502-504 [2000]; *Dukett v Wilson*, 31 AD3d 865, 868 [2006]). Thus, Supreme Court did not err in deferring to and relying on the prior ruling of District Court that denied defendant's motion to dismiss plaintiff's claims as preempted.

In the separation agreement, defendant waived her right to any portion of decedent's pension and retirement savings accounts. Under the article of the agreement entitled "Pension," the parties acknowledged that decedent "participates in a retirement plan through his place of employment and has retirement savings and a pension plan under such plan." Defendant then "waive[d] any claim or interest which [s]he may have in [decedent's] retirement savings and pension plan." Under the article entitled "Mutual Releases," defendant waived all claims to "any and all pension, profit sharing, stock options, Keogh, IRA accounts . . . or any same or similar item or items." This waiver in the separation agreement was "explicit, voluntary and made in good faith" (*Silber v Silber*, 99 NY2d 395, 404 [2003], *cert denied* 540 US 817 [2003]), so as to preclude defendant from retaining the retirement savings and pension plan account proceeds. While the agreement did not give the exact names of the accounts at issue, that is not required. The waiver in the agreement was sufficiently explicit in its description of the accounts (*see id.* at 399-400; *Matter of Sbarra*, 17 AD3d 975, 976-977 [2005]). Contrary to defendant's testimony at her deposition that she felt that the agreement was unfair and that decedent had not disclosed certain financial information to her, the agreement states that both parties have fully discussed and disclosed their financial status and believe that the agreement is fair and reasonable. She testified that she understood that she was giving up any right to claim decedent's pension and retirement savings he had through GE. Thus, as the separation agreement contained a valid waiver of defendant's right to the proceeds of the GE accounts, Supreme Court properly granted plaintiff's motion for summary judgment.

Defendant offers no evidence to support her argument that decedent intended that she receive the proceeds of these accounts as a gift. She incorrectly stated in her testimony and pleadings that decedent named her as his beneficiary and then chose not to change that designation. According to the record, decedent never named a beneficiary to these accounts, either before or after signing the separation agreement. Instead, defendant was the presumptive beneficiary according to GE's plan documents because she was decedent's spouse. Decedent's inac-

tion, namely his failure to file a form to name a beneficiary, cannot be equated with an intention to give his estranged wife the account proceeds, especially considering the absence of proof that decedent was aware of the need to file such a form.

Plaintiff was not entitled to counsel fees. The separation agreement permits either party to recover counsel fees in an action to enforce the agreement, but only if the action is commenced after a reasonable notice of default is given to the other party. This clause presumably would allow the opposing party to cure his or her default and avoid litigation in the first place. Plaintiff cannot recover counsel fees because there is no proof that he adhered to this condition in the agreement.

Rose, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.