■ JEFF A. KLANSKY, Respondent, v WEIDEN LAKE PROPERTY OWNERS ASSOCIATION, INC., Appellant. [7 NYS3d 659]—

McCarthy, J.P. Appeal from an order of the Supreme Court

---

(Meddaugh, J.), entered October 7, 2013 in Sullivan County, which, among other things, partially granted plaintiff's motion for summary judgment.

Plaintiff owns real property located in a subdivision in Sullivan County and defendant is the property owners association for that subdivision. Defendant initiated a prior action against plaintiff and another party alleging that plaintiff violated deed covenants and restrictions by entering a lease allowing a company to explore and drill for natural gas on plaintiff's property. On defendant's motion for summary judgment in that action, Supreme Court (Gilpatric, J.) granted defendant a declaratory judgment that plaintiff had violated the restrictions, and enjoined plaintiff from exploring or drilling for gas. The court's order did not address defendant's claim for counsel fees, which defendant had sought in the complaint and in its motion for summary judgment. Defendant did not appeal or seek to reargue.

When plaintiff failed to pay defendant any counsel fees related to the prior action, defendant placed a lien on plaintiff's property for the amount of those counsel fees. Plaintiff commenced this action seeking, among other things, an order voiding the lien and a declaration that defendant was not entitled to counsel fees. Defendant filed counterclaims seeking, among other things, a judgment for counsel fees associated with the prior action. Defendant moved to dismiss the complaint and plaintiff cross-moved seeking, among other things, summary judgment on its claims against defendant and dismissal of defendant's counterclaims. Supreme Court (Meddaugh, J.) denied defendant's motion and partially granted plaintiff's cross motion, declaring that defendant was not entitled to collect counsel fees and finding that the lien was void because defendant's claims were barred by res judicata and collateral estoppel. Defendant appeals.

We affirm. Defendant asserts that if a court order does not resolve the issue of counsel fees, the order is nonfinal and that issue can be raised in the future. The cases that defendant cites for that proposition are distinguishable because they are situations where the court specifically reserved on the issue of counsel fees, such as where a court granted counsel fees but left the amount open pending further proceedings (*see e.g. Burke v Crosson*, 85 NY2d 10, 15 [1995]). In the prior action here, Supreme Court (Gilpatric, J.) did not reserve the issue of counsel fees; the court's order did not mention the issue. "A court's failure to specifically address a motion or a part thereof is equivalent to a denial" (*Dickson v Slezak*, 73 AD3d 1249,

1251 [2010] [citations omitted]; *see Shields v Carbone*, 78 AD3d 1440, 1442 n 1 [2010]; *compare Matter of Longton v Village of Corinth*, 49 AD3d 995, 995-996 [2008]), including the failure to address a request for counsel fees (*see Hess v Wojcik-Hess*, 86 AD3d 847, 848 n 1 [2011]). Hence, the prior order was final and defendant's request for counsel fees was implicitly denied.

The proper way to challenge that denial would have been through an appeal or motion to reargue (*see Matter of Vogel v Board of Educ. for Dunkirk City School Dist.*, 259 AD2d 831, 833 [1999]).* Defendant concedes that it did not pursue either of those avenues, but instead simply demanded that plaintiff pay the counsel fees and filed a lien when plaintiff refused. Supreme Court (Meddaugh, J.) properly dismissed defendant's counterclaim as barred by res judicata, because the same relief was requested and implicitly denied in the prior action (*see Pacheco v United Med. Assoc.*, 305 AD2d 711, 712 [2003]; *see also Matter of Feldman v Planning Bd. of the Town of Roches-ter*, 99 AD3d 1161, 1162-1163 [2012]). Inasmuch as the court had already determined that defendant was not entitled to counsel fees, defendant had no right or authority to file a lien against plaintiff's property for those fees. Thus, the court properly found that the lien was void.

We have reviewed defendant's remaining arguments and find them to be without merit.

Egan Jr., Devine and Clark, JJ., concur. Ordered that the order is affirmed, with costs.

---

* While defendant asserts that it prevailed on the merits in the prior action and filing an appeal would have potentially jeopardized that ruling, defendant could have filed a notice of appeal limited to Supreme Court's failure to address (i.e., implicitly denying) the request for counsel fees (*see* CPLR 5515 [1]).