■ In the Matter of SHARON GUCKER, Appellant, v CHARLES GUCKER, Respondent. [41 NYS3d 81]—

Appeals by the mother from three orders of the Family Court, Nassau County, one dated December 12, 2014 (Lisa M. Williams, S.M.), and two dated September 1, 2015 (Merik R. Aaron, J.). The order dated December 12, 2014, insofar as appealed from, after a hearing, in effect, denied that branch of the mother's petition which was to direct the father to contribute to the subject children's dental expenses. The first order dated September 1, 2015, denied the mother's objections to so much of the order dated December 12, 2014, as pertained to dental expenses. The second order dated September 1, 2015, granted the father's objections to so much of the order dated December 12, 2014, as directed him to contribute to camp, Tae Kwon Do, and vision expenses.

Ordered that the appeal from the order dated December 12, 2014, is dismissed, without costs or disbursements, as that order was superseded by the orders dated September 1, 2015; and it is further,

Ordered that the orders dated September 1, 2015, are affirmed, without costs or disbursements.

In July 2014, the mother filed a petition to enforce portions of the parties' stipulation of settlement dated October 18, 2013, which was incorporated but not merged into their judgment of divorce. The stipulation provided that the father was responsible for paying 25% of expenses for the subject children's camp and extracurricular activities, "so long as such expenses are jointly agreed upon," that to the extent medical expenses for the children were not covered by the father's insurance plan, each party shall pay one-half of "all medically necessary procedures, inoculations, and testing," and that "[t]he parties shall use in-network providers unless otherwise agreed in writing prior to the service or treatment." In an order dated December 12, 2014, the Family Court directed the father to pay the sum of $6,131, based upon a finding that he was

responsible for contributing to the children's camp, Tae Kwon Do, and vision expenses. The court declined, however, to make any award as to dental expenses. The mother filed objections to so much of the order dated December 12, 2014, as declined to direct the father to reimburse her for dental expenses, and the father filed objections to so much of that order as directed him to make payments for camp, Tae Kwon Do, and vision expenses. In an order dated September 1, 2015, the Family Court denied the mother's objections. In a second order of that court, also dated September 1, 2015, the court granted the father's objections. The mother appeals.

"A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to the principles of contract construction and interpretation," and "[i]n interpreting [such] a contract . . . a court should construe it in such a way as to give fair meaning to all the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Matter of Tannenbaum v Gilberg*, 134 AD3d 846, 847 [2015]). "Where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used" (*Ayers v Ayers*, 92 AD3d 623, 624 [2012]).

Here, the record supports the Family Court's determination that the camp and Tae Kwon Do expenses at issue were not "jointly agreed upon" as required to invoke the father's responsibility to pay for 25% of those expenses. Further, it is undisputed that the vision and dental expenses at issue were not rendered by an in-network provider, and the mother failed to demonstrate either that the parties made any written agreement for those services or that they were "medically necessary," as required by the stipulation to invoke the father's responsibility to contribute to those expenses.

The parties' remaining contentions are either not properly before this Court or without merit.

Accordingly, the Family Court properly denied the mother's objections to the order dated December 12, 2014, and granted the father's objections to that order. Balkin, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.