■ In the Matter of ANTHONY J. CHRISTIE, Deceased. DIANE D. EDWARDS-MCMAHON, Respondent; SANDRA L. CHRISTIE, Appellant. [59 NYS3d 421]—

In a probate proceeding in which Diane D. Edwards-McMahon, as executor of the decedent's estate, petitioned pursuant to SCPA 2103 and 2104 for the turnover of property allegedly withheld from the estate, Sandra L. Christie appeals from (1) an order of the Surrogate's Court, Orange County (Onofry, S.), dated September 16, 2014, which granted Diane D. Edwards-McMahon's motion for summary judgment on the petition and denied her motion pursuant to CPLR 3211 (a) to dismiss the petition and for summary judgment dismissing the petition, and (2) a decree of the same court dated October 15, 2014, which, upon the order, inter alia, directed her to disgorge to the estate funds received from the decedent's pension plan.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the decree is affirmed; and it is further,

Ordered that one bill of costs is awarded to Diane D. Edwards-McMahon.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the decree (see CPLR 5501 [a] [1]).

In 1969, the decedent, Anthony J. Christie (hereinafter the decedent), and Sandra L. Christie (hereinafter Sandra) were married. Throughout their marriage, the decedent was employed by International Business Machines (hereinafter IBM) and earned a pension.

In 1987, the couple entered into a separation agreement wherein Sandra waived "all right, title and interest to any pension benefits the [decedent] may ha[v]e with his employer, I.B.M. Corp., as well as any and all prior or future pension

rights he may have." However, the couple did not divorce at that time.

In 1995, the decedent retired from IBM, and he began receiving his pension in 1996. The decedent elected to receive his pension benefits pursuant to a plan that included a "qualified joint and survivor annuity" (29 USC § 1055 [a] [1] [hereinafter QJSA]), a type of plan defined by the Federal Employee Retirement Income Security Act of 1974 (29 USC ch 18 [hereinafter ERISA]). The decedent designated Sandra as the beneficiary of the QJSA. Pursuant to this plan, if Sandra survived the decedent, she would continue to receive a portion of the pension benefit for the remainder of her lifetime.

In 1998, the decedent and Sandra entered into a second separation agreement in which the decedent agreed to pay Sandra $60,000 "in exchange for [Sandra's] interest in the [decedent's] retirement/pension and/or bank accounts in effect at the time of the signing of this Agreement, and the waiving of maintenance." The decedent and Sandra were divorced in 1999 by a judgment which incorporated, but did not merge, the terms of both separation agreements. The decedent never changed his designation of beneficiary for his pension benefits. In 2003, the decedent married Diane D. Edwards-McMahon (hereinafter Diane), and in 2013, he died. Diane was appointed executor of the decedent's estate.

After the decedent's death, the IBM pension plan began paying benefits to Sandra pursuant to the terms of the QJSA. Diane, as executor of the decedent's estate, petitioned pursuant to SCPA 2103 and 2104 for the turnover of the QJSA benefits to the estate, alleging that Sandra waived her right to those benefits. Diane moved for summary judgment on her petition, and Sandra moved pursuant to CPLR 3211 (a) to dismiss the petition and for summary judgment dismissing the petition. The Surrogate's Court granted Diane's motion and denied Sandra's motion, finding that Sandra waived her right to the QJSA benefits, and imposed a constructive trust on the proceeds of the QJSA in Diane's favor. Thereafter, the court entered a decree, inter alia, directing Sandra to disgorge the proceeds of the QJSA to the estate. Sandra appeals. We affirm.

The Internal Revenue Code defines a "qualified joint and survivor annuity" as an annuity which, inter alia, is "for the life of the participant with a survivor annuity for the life of the spouse" (26 USC § 417 [b] [1]). If a participant dies after the annuity starting date, the spouse to whom the participant was married on the annuity starting date is entitled to QJSA protection even if the participant and the spouse are no longer mar-

ried on the date of the participant's death (*see* 26 CFR 1.401[a]-20 [Q-25], [A-25] [b] [3]).

A pension plan subject to ERISA must provide that benefits available under the plan may not be assigned or alienated, although a qualified domestic relations order (hereinafter QDRO) may direct the payment of benefits to an alternate payee (*see* 29 USC § 1056 [d] [1], [3]; 26 CFR 1.401[a]-13 [g]). The parties agree that no QDRO was entered in this case. The ERISA regulations define "assignment" and "alienation" as including "[a]ny direct or indirect arrangement (whether revocable or irrevocable) whereby a party acquires from a participant or beneficiary a right or interest enforceable against the plan in, or to, all or any part of a plan benefit payment which is, or may become, payable to the participant or beneficiary" (26 CFR 1.401[a]-13 [c] [1] [ii]). Although ERISA prohibits assignment or alienation of benefits while they are held by the plan administrator, contrary to Sandra's contention, once they are paid to the beneficiary, the funds are no longer entitled to that protection (*see Estate of Kensinger v URL Pharma, Inc.*, 674 F3d 131, 137-138 [3d Cir 2012]; *Kickham Hanley P.C. v Kodak Retirement Income Plan*, 558 F3d 204, 211 [2d Cir 2009]; *United States v All Funds Distributed To, or on Behalf of, Weiss*, 345 F3d 49, 56 [2d Cir 2003]; *Securities & Exch. Commn. v Neto*, 27 F Supp 3d 434, 442 [SD NY 2014]; *see also Silber v Silber*, 99 NY2d 395, 402 [2003]).

The Court of Appeals has made clear that "[j]ust as ERISA's anti-alienation provisions do not preempt a valid QDRO from effecting a beneficiary designation, those provisions do not prevent a valid waiver of beneficiary interests" (*Silber v Silber*, 99 NY2d at 402). Thus, "a claim of waiver can be asserted against a designated beneficiary" of survivor benefits under a pension plan provided that the waiver is "explicit, voluntary and made in good faith" (*id.* at 404; *see Eredics v Chase Manhattan Bank*, 100 NY2d 106, 111 [2003]; *Hess v Wojcik-Hess*, 86 AD3d 847, 849 [2011]; *Union Cent. Life Ins. Co. v Berger*, 612 Fed Appx 47, 48 [2d Cir 2015]; *Hallingby v Hallingby*, 453 Fed Appx 121, 124-125 [2d Cir 2012]; *Diversified Inv. Advisors, Inc. v Baruch*, 793 F Supp 2d 577, 580-581 [ED NY 2011]).

" 'A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to the principles of contract construction and interpretation,' and '[i]n interpreting [such] a contract . . . a court should construe it in such a way as to give fair meaning to all the language employed by the parties to reach a practical interpretation of the expres-

sions of the parties so that their reasonable expectations will be realized' " (*Matter of Gucker v Gucker*, 144 AD3d 798, 799 [2016], quoting *Matter of Tannenbaum v Gilberg*, 134 AD3d 846, 847 [2015]; *see Rosner v Rosner*, 143 AD3d 882, 883 [2016]; *Matter of O'Connor-Gang v Munoz*, 143 AD3d 825, 826 [2016]; *Leibowitz v Leibowitz*, 143 AD3d 675, 677 [2016]). " 'Where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used' " (*Matter of Gucker v Gucker*, 144 AD3d at 799, quoting *Ayers v Ayers*, 92 AD3d 623, 624 [2012]; *see Rosner v Rosner*, 143 AD3d at 884; *Leibowitz v Leibowitz*, 143 AD3d at 677).

Here, notwithstanding Sandra's argument, her waivers in the 1987 and 1998 separation agreements were sufficiently explicit to waive her interest in the QJSA benefits (*compare Curley v Giltrop*, 68 NY2d 651, 653-654 [1986], *Hess v Wojcik-Hess*, 86 AD3d at 849, *Matter of Sbarra*, 17 AD3d 975, 977 [2005], *Valentin v New York City Police Pension Fund*, 16 AD3d 145, 146 [2005], *with Smith v Pathmark Stores, Inc.*, 57 AD3d 759, 760 [2008], *Kammerer v Kammerer*, 278 AD2d 282, 283 [2000]). The Surrogate's Court therefore properly directed Sandra to disgorge the QJSA benefits she had received and imposed a constructive trust on future distributions of QJSA benefits (*see Matter of Hayman-Chaffey v Landy*, 267 AD2d 142, 143 [1999]).

Sandra's remaining contentions are without merit (*see Matter of Sierra Club v Village of Painted Post*, 26 NY3d 301, 311 [2015]; *Brown-Jodoin v Pirrotti*, 138 AD3d 661, 663 [2016]; *Government Empls. Ins. Co. v RLI Ins. Co.*, 133 AD3d 819, 820 [2015]; *Matter of Greenwold*, 236 AD2d 400, 401 [1997]; SCPA 201 [3]). Leventhal, J.P., Hinds-Radix, LaSalle and Brathwaite Nelson, JJ., concur.