Schatz v Feliciano-Schatz (2019 NY Slip Op 01631)





Schatz v Feliciano-Schatz


2019 NY Slip Op 01631


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2016-11577
 (Index No. 001687/15)

[*1]Susan A. Schatz, etc., et al., appellants,
v
Carmen B. Feliciano-Schatz, etc., respondent.


Catania, Mahon, Milligram & Rider, PLLC, Newburgh, NY (Richard M. Mahon II of counsel), for appellants.
Mark D. Stern, Goshen, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and unjust enrichment, the plaintiffs appeal from an order of the Supreme Court, Orange County (Maria Vazquez-Doles, J.), dated September 28, 2016. The order denied the plaintiffs' motion, inter alia, in effect, for summary judgment on the complaint and granted the defendant's cross motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law and on the facts, (1) by deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment on the cause of action to recover damages for breach of contract insofar as asserted by the plaintiff Paul Schatz, as administrator of estate of Aloysius Schatz, and substituting therefor a provision granting that branch of the plaintiffs' motion, (2) by deleting the provision thereof granting the defendant's cross motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the defendant's cross motion; as so modified, the order is affirmed, with costs to the plaintiffs.
In April 1998, the plaintiff Susan A. Schatz (hereinafter Susan) and Aloysius Schatz (hereinafter the decedent) were divorced. In February 2004, the decedent married the defendant. In December 2006, the decedent retired from his employment and began receiving benefits from his New York Stock Exchange Retirement Plan. The decedent elected a joint and survivor annuity with the defendant named as joint annuitant. In November 2011, the decedent and the defendant were divorced. On June 4, 2012, the defendant and the decedent entered into an amendment to a stipulation of settlement dated July 20, 2011, and judgment of divorce dated November 22, 2011 (hereinafter the amendment), pursuant to which each of them waived their rights to each other's retirement plans. The amendment also indicated that in the event that either of the parties received payments in contravention of the agreement, the benefits would be turned over to either a beneficiary designated by the other party or to the other party's estate. Subsequent to executing the amendment, the defendant remained the only named beneficiary on the decedent's retirement plan. On May 21, 2013, Susan remarried the decedent, and on May 30, 2013, the decedent died. Upon the decedent's death, benefits were paid out to the defendant as the named beneficiary under the decedent's retirement plan. Susan and the administrator of the decedent's estate (hereinafter together the plaintiffs) commenced this action, inter alia, to recover damages for breach of contract and unjust [*2]enrichment, alleging, inter alia, that the plaintiffs were entitled to the decedent's retirement benefits, as the defendant had waived her rights to the subject benefits pursuant to the amendment. The plaintiffs moved, inter alia, in effect, for summary judgment on the complaint, and the defendant cross-moved for summary judgment dismissing the complaint. In an order dated September 28, 2016, the Supreme Court denied the plaintiffs' motion and granted the defendant's motion. The plaintiffs appeal from the order.
"Although ERISA prohibits assignment or alienation of benefits while they are held by the plan administrator, . . . once they are paid to the beneficiary, the funds are no longer entitled to that protection" (Matter of Christie, 152 AD3d at 767; see DaimlerChrysler Corp. v Cox, 447 F3d 967, 974 [6th Cir). " [J]ust as ERISA's anti-alienation provisions do not preempt a valid QDRO from effecting a beneficiary designation, those provisions do not prevent a valid waiver of beneficiary interests'" (Matter of Christie, 152 AD3d 765, 767, quoting Silber v Silber, 99 NY2d 395, 402). However, the purported waiver of benefits under a pension plan must be " explicit, voluntary and made in good faith'" (Matter of Christie, 152 AD3d at 767, quoting Silber v Silber, 99 NY2d at 404).
We agree with the plaintiffs' contention that, pursuant to the amendment to the settlement agreement, the defendant validly waived her entitlement to the subject retirement benefits. The amendment stated that the decedent and the defendant waived any and all claims that "he or she may have or may hereafter acquire or possess to share in any pension, profit-sharing, IRA, 401(k) plan or any other retirement or deferred compensation plan established for the other party." Contrary to the Supreme Court's determination, the waiver language in the amendment was sufficiently explicit to effectuate a valid waiver of benefits under the subject plan (see Hess v Wojcik-Hess, 86 AD3d 847, 849; Matter of Sbarra, 17 AD3d 975, 977; Valentin v New York City Police Pension Fund, 16 AD3d 145, 145-146). Moreover, contrary to the defendant's contention, the language of the waiver requiring that payments received in contravention of the waiver be turned over to a designated beneficiary or the estate of the decedent does not violate the anti-alienation provisions of ERISA (see 29 USC § 1056[d][1]; Kennedy v Plan Administrator for DuPont Sav. and Investment Plan, 555 US 285, 292). Accordingly, the court should have granted that branch of the plaintiffs' motion which was for summary judgment on the cause of action to recover damages for breach of contract insofar as asserted by the plaintiff Paul Schatz, as Administrator of the decedent's estate.
Moreover, in light of the foregoing, the Supreme Court should have denied the defendant's cross motion for summary judgment dismissing the complaint.
The plaintiffs failed to demonstrate, prima facie, that Susan was entitled to a nunc pro tunc QDRO, as she failed to demonstrate she had an existing interest in the subject pension benefits prior to the decedent's death. While a QDRO may be obtained after the death of the plan participant (see Yale-New Haven Hosp. v Nicholls, 788 F3d 79, 85 [2d Cir]), "a QDRO only renders enforceable an already-existing interest" (Trustees of Directors Guild of America-Producer Pension Benefits Plans v Tise, 234 F3d 415, 421 [9th Cir]; see Yale-New Haven Hosp. v Nicholls, 788 F3d at 86 n 4 [stating that a nunc pro tunc QDRO serves "to effectuate a previously awarded property right"] [internal quotation marks and citation omitted]).
Furthermore, contrary to the plaintiffs' contention, they failed to establish that the parties entered into an enforceable agreement to settle this action. The letters exchanged by counsel were insufficient to establish an enforceable agreement (see CPLR 2104; Williams v Bushman, 70 AD3d 679, 680-681).
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court